C. A. 59, 132 Fed. 1006; Malloy v. American Hide & Leather Co. [C. C.] 148 Fed. 482; Wharton's Conflict of Laws [3d Ed.] §§ 4b, 480a; Atlanta v. Chattanooga Foundry, 61 C. C. A. 387, 392, 127 Fed. 23, 28, 64 L. R. A. 721; s. c. 203 U. S. 390, 397, 27 Sup. Ct. 65, 51 L. Ed. 241; Johnson v. Southern Pac. Co., 196 U. S. 1, 17, 25 Sup. Ct. 158, 49 L. Ed. 363); but the attitude in which the case is presented to us in such that we do not deem the present consideration of these matters necessary or wise.

Some question was raised in argument respecting the sufficiency of the evidence of negligence· on the part of the defendant, but this need not be noticed further than to say that the evidence, without exculpating the defendant, and without any suggestion of fault on the part of the deceased, disclosed that her death was caused by an accident to the train on which she was a passenger, and so the case was brought within the rule announced by the Supreme Court in Gleeson v. Virginia Midland R. R. Co., 140 U. S. 435, 443, 444, 11 Sup. Ct. 859, 35 L. Ed. 458:

"That the happening of an injurious accident is in passenger cases prima facie evidence of negligence on the part of the carrier, and that (the passenger being himself in the exercise of due care) the burden then rests upon the carrier to show that its whole duty was performed, and that the injury was unavoidable by human foresight. * * * The law is that the plaintiff must show negligence in the defendant. This is done prima facie by showing, if the plaintiff be a. passenger, that the accident occurred."

See, also, Wall v. Livezay, 6 Colo. 465; Sanderson v. Frazier, 8 Colo. 79, 5 Pac. 632, 54 Am. Rep. 544; Denver & Rio Grande R. R. Co. v. Fotheringham, 17 Colo. App. 410, 68 Pac. 978.

For the error in directing a verdict for the defendant, the judgment is reversed, with a direction to grant a new trial.

---

POTTER v. LAKE SHORE NOVELTY CO.

(Circuit Court of Appeals, Sixth Circuit. June 26, 1907.)

No. 1,647.

PATENTS—INVENTION—DETONATING DEVICE.
The Potter patent, No. 689,906, for a detonating device for exploding toy torpedoes, is void for lack of invention and anticipation.

Appeal from the Circuit Court of the United States for the Northern District of Ohio.

In Equity. Suit for infringement of letters patent No. 689,906, for a detonating device granted to George M. Potter December 31, 1901.

The following is the opinion of the Circuit Court by Tayler, District Judge:

This is a bill in equity, wherein the complainant claims that the defendant is infringing patent No. 689,906, relating to a detonating device for exploding toy torpedoes, granted to the complainant. The bill asks for the usual relief. The defendant denies infringement, and also the validity of the patent. The case is here on final hearing.

Without going into a recital of the nature of the patent and the testimony introduced on the issues made, it is enough for me to announce my conclusion, as follows:

1. If all that the complainant did was to obtain the patent for casting the partition separating the explosion chamber and the socket integrally, instead of forming the partition from a separate piece and securing it in place by a rivet or set screw, then I find that the complainant was not the inventor of such a method.

2. As to the other claim of novelty and usefulness in the patent, I find that it is not novel, having been anticipated by other patents.

Decree may therefore be entered dismissing the bill, at the complainant's costs.

S. B. Fouts and T. W. Bakewell, for appellant.

H. A. Toulmin, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

PER CURIAM. This cause is affirmed upon the opinion of the court below.

---

STEEL PROTECTED CONCRETE CO. et al. v. CENTRAL IMPROVE-
MENT & CONTRACTING CO.

(Circuit Court, E. D. Louisiana. June 14, 1907.)

No. 13,374.

1. PATENTS—ANTICIPATION—CORNER BAR FOR CONCRETE CURBING.

The Wainwright patents, Nos. 428,432, 614,587, and 727,233, all for improvements in the construction of concrete curbing, are void as to the metal corner bar shown therein for protecting the upper and outer corner of the curb, which is mentioned in the first, and shown in the drawings, and forms the subject-matter of the two later patents; the general idea of such a protecting bar having been shown in a patent granted to Coignet in 1869, and none of the Wainwright patents disclosing any patentable improvements thereon.

2. SAME—SUIT FOR INFRINGEMENT—ESTOPPEL.

Quære, whether a defendant sued for infringement of a patent who asserts the validity of a junior patent which is clearly a copy of complainants' is not estopped to deny the validity of the latter.

In Equity. On final hearing.

D. Walter Brown and Rouse, Grant & Grant, for plaintiffs.

J. R. Beckwith, H. L. Lazarus, H. Michel, and E. Howard McCaleb, Jr., for defendants.

SAUNDERS, District Judge. 1. The bill herein alleges that one of the complainants, the Steel Protected Concrete Company, is the owner, and that the other complainant, the Grasser Contracting Company, is the exclusive licensee of three certain patents, taken out by one H. H. Wainwright, for improvements in concrete curb and gutter work; and that the defendant is infringing said patents. The relief prayed for is an injunction, restraining the defendant from further infringements and a decree ordering an accounting by defendant of profits realized from past infringements and payment to complainants of the sum so found to be due. The defendant denies the validity of