MARGARET PEARL HAMILTON, by her Next Friend, Appellant, v. MISSOURI PACIFIC RAILWAY COMPANY.

Division One, February 28, 1913.

RIGHT OF ACTION: Sec. 5425, R. S. 1909: Suit by Widow not Prerequisite: Release. Sec. 5425, R. S. 1909, providing that a public carrier shall forfeit a sum between $2000 and $10,000 for each death caused by the negligence, etc., of its officers and employees, gives a widow a right of action immediately upon the death of her husband from such cause, and a release by her is a bar to a suit by minor children. The clause in the section, that, if the widow fails to sue within six months, then the minor child shall sue, is not equivalent to a statement that the widow has no cause of action unless and until she brings suit.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

AFFIRMED.

*James R. Van Slyke* for appellant.

(1)  The Damage Act is to be strictly construed, and the mode prescribed for the acquisition of rights under said statute are mandatory.  Clark v. Railroad, 219 Mo. 539; Gray v. Railroad, 157 Mo. App. 92; Jackson v. Railroad, 87 Mo. 422; Bates v. Sylvester, 205 Mo. 493; Barker v. Railroad, 91 Mo. 86; Lewis's Southerland's Stat. Const., secs. 571, 632 and 545; Hamilton v. Jones, 129 Ind. 176; Daley v. Stoddard, 66 Ga. 145.  (2) The Legislature has the power and did impose conditions and restrictions which must be performed before the cause of action vests in the widow, the performance of said conditions and requirements are construed and made conditions precedent to the appropriation of the cause of action.  The restrictive language of the act being construed against the vesting of the right.  Lewis's Southerland's Stat Const., secs. 572, 632, 560 and 566; Wood on Limitations, sec. 9, p. 30; Railroad v. Hine, 25 Ohio St. 629; 4 Ency. Pl. and Prac., p. 655.  (3) The widow must elect to appropriate the cause of action by bringing suit in order that the cause of action becomes a vested right in her.  McNamara v. Slevins, 76 Mo. 329; Shepard v. Railroad, 3 Mo. App. 550; Packard v. Railroad, 181 Mo. 421; Coover v. Moore, 31 Mo. 574; Barker v. Railroad, 91 Mo. 94; Railroad v. Hine, 25 Ohio St. 629.

*Robert T. Railey* and *James F. Green* for respondent.

(1)  For the period of six months after Hamilton's death the cause of action for his death was in the widow.  Sec. 5425, R. S. 1909; McNamara v. Sla-

vens, 76 Mo. 331; Barker v. Railroad, 91 Mo. 92. (2)
The widow having, within six months after his death,
appropriated the cause of action which was absolute
in her, her settlement is a bar to any suit by the minor
children. 1 White on Personal Injuries, sec. 59; Mul-
lins v. Mill Co., 67 Miss. 672; Stephens v. Railroad,
10 Lea (Tenn.), 448; Greenlee v. Railroad, 5 Lea
(Tenn.), 418; McNamara v. Slavens, 76 Mo. 331; Pack-
ard v. Railroad, 181 Mo. 428; Strode v. Transit Co.,
197 Mo. 624; Mella v. Steamship Co., 127 Fed. 416;
Christie v. Railroad, 74 N. W. 697; Foot v. Railroad,
52 L. R. A. 354; Sykora v. Machine Co., 60 N. W.
(Minn.) 1008; Schmidt v. Deegan, 69 Wis. 300; Holder
v. Railroad, 92 Tenn. 141; Prater v. Marble Co., 58 S.
W. (Tenn.) 1068. (3) Plaintiff having declined and
refused to reply to the answer pleading new matter,
the court properly rendered judgment for defendant.
Sec. 1810, R. S. 1909; Roden v. Helm, 192 Mo. 83; Cord-
ner v. Roberts, 58 Mo. App. 440; Ennis v. Hogan, 47
Mo. 513.

BROWN, C.—This is a suit by the plaintiff, a
minor child of Charles M. Hamilton, to recover the
penalty prescribed by section 2864 of the Revised
Statutes of Missouri 1899, as amended in 1905 and in-
corporated with the amendment in section 5425, Re-
vised Statutes 1909, for the death of her father, oc-
casioned by the negligence of the employees of defend-
ant while running and managing its railway cars. The
answer pleads with all necessary detail that within
less than one month after Mr. Hamilton's death the
defendant paid to Mrs. Jennie Hamilton, his lawful
wife, twenty-five hundred dollars in lawful money of
the United States in full payment, satisfaction and
discharge of all claims and rights of action growing
out of his death, and that she executed and delivered
to defendant, in consideration thereof, a full release,
acquittance and discharge of all causes of action,

claims or demands of any character whatsoever resulting from his said death, and that the same constituted a bar to this action.

After the overruling of a motion to strike out the plea, to which exceptions were properly saved, the plaintiff declined to plead further, upon which the court gave judgment for defendant from which this appeal is taken. The only question raised is upon the sufficiency of defendant's plea. If it is good in bar of the action the judgment should be affirmed, if not it will have to be reversed and remanded for trial upon the merits.

The statute provides that in such cases the owner of the railroad (the defendant in this case) "shall forfeit and pay as a penalty, for every such person . . . so dying, the sum of not less than two thousand dollars and not exceeding ten thousand dollars, in the discretion of the jury, which may be sued for and recovered: First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased; . . . or fourth, if there be no husband, wife, minor child or minor children, . . . then in such case suit may be instituted and recovery had by the administrator or executor of the deceased." It is contended by the appellant that by the terms of this statute the widow has no cause of action until she appropriates it by bringing suit—that the bringing of the suit, in other words, is a condition "which must be performed before the cause of action vests" in her. In still other words, that the bringing of the suit is made a condition precedent to the appropriation of the cause of action. This seems to reverse the usual order of procedure in the enforcement of legal rights, in which

*Sec. 5425, R. S. 1909: Widow's Right of Action for Death of Husband: Release.*

suit is brought upon an existing cause of action instead of the cause of action being created by the suit. The appellant evolves this theory from the proposition which has been frequently repeated by this court, that this being a penal suit in the sense that the recovery authorized is named a penalty, it is to be strictly construed; so the right of action can only vest in the manner prescribed by its very words. It is not often that this maxim is invoked as an aid to the recovery of a penalty.

The plaintiff develops this theory apparently from a remark of this court in McNamara v. Slavens, 76 Mo. 331, where it said: "The statute gives the surviving husband or wife six months within which to elect to appropriate the cause of action, the election to be made by the institution of a suit. If the surviving husband or wife sue within six months, that is an exercise of the option given by the statute. He or she then has as absolute control of the cause of action as of any common law right of action he or she may have, and may compromise, release or otherwise settle the matter in controversy with the defendant." We do not think this statement will bear the construction that the widow has no cause of action until she shall elect to have one by bringing suit. The election there referred to is simply the election that one makes who has a cause of action and determines to avail himself of it by the suit. Nor do we think the use of the word "then" in the succeeding sentence indicates that, in the opinion of the court, she may not compromise, release or otherwise settle the matter in controversy before bringing suit. The court was simply speaking in terms of the case before it.

We think the statute is plain. The authority to bring suit necessarily implies an existing cause of action upon which it may be brought. Even were this not so the cause of action is expressly created by the words "shall forfeit and pay." The time limited in

which the widow may bring suit is simply a limitation upon the time during .which she may sue upon and otherwise control the cause of action so created.

It follows. that the judgment of the circuit court must be and it is affirmed.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur.