Steven Edward SPENCER, Harold Ray Spencer, Joanne Frances Spencer, Vickie Lea Spencer, Minors, by their next friend Donna Woody, Plaintiffs-Appellants,

v.

Robert BRADLEY, an individual, d/b/a Bradley L. P. Gas Company, Defendant-Respondent.

No. 48068.

Supreme Court of Missouri,

Division No. 1.

Nov. 13, 1961.

Max W. Foust and Russell D. Jacobson, Foust & Lyons, Kansas City, for appellants.

Lynn M. Ewing, Jr., and Boyd Ewing, Ewing, Ewing, Ewing, Carter & Wight, Nevada, for respondent.

DALTON, Judge.

Action by named minor children of Cleo Frances Spencer, deceased, for $25,000 damages for the alleged wrongful death of their said mother. Defendant's motion to dismiss plaintiffs' second amended petition was sustained and judgment of dismissal entered. Plaintiffs have appealed.

The action was commenced on July 10, 1957, by the filing of plaintiffs' petition in the Circuit Court of Vernon County, Missouri. Amended petitions were subsequently filed, the second amended petition on October 22, 1959. The said amended petition alleged that plaintiffs were the natural born children of Cleo Frances Spencer, who sustained fatal injuries on October 5, 1956, which resulted in her death on October 6, 1956; that at the time of her death Cleo Frances Spencer was survived by said children; that said suit was brought under the "Death Statute of Missouri" for the benefit of said children; that all of said children were under the age of twenty-one years; that the deceased was also survived by her lawful husband, Edward Spencer; that Edward Spencer, as such surviving spouse of the deceased, did not appropriate or institute a cause of action for the wrongful death of his said wife within six months following the date of her death; that this action was instituted more than six months

after said death of said Cleo Frances Spencer; that the death of Cleo Frances Spencer was directly and proximately caused by certain specified negligent acts and conduct of defendant as therein set forth; and that said minor children by reason of the death of their said mother had been deprived of her support, maintenance, training, instruction, leadership and care to their damage in the sum of $25,000.

In view of the particular issues presented, we need not review the particular negligence alleged, nor the circumstances attending the death of Mrs. Spencer.

The motion to dismiss was based upon certain alleged facts, the correctness of which were fully covered by a stipulation between the parties, as follows: That on or about the 28th day of November 1956 (a date within six months following the death of Cleo Frances Spencer), Edward Spencer, her husband and the natural father of plaintiffs herein, "did release the Carter Oil Company, a corporation; C. D. Schmidts, individually and in the capacity of Schmidts Appliance Company and Robert E. McLean, Sr., Thelma F. McLean and Robert E. McLean, Jr., individually and in their capacity as McLean Propane Company, from all rights, claims, liabilities, demands and suits as set forth in said release which is marked Defendant's Exhibit A"; that Cleo Frances Spencer was injured in an explosion, as referred to in plaintiffs' second amended petition, October 5, 1956, and died as a result of said explosion on October 6, 1956; that Edward Spencer, the father of plaintiffs and the husband of Cleo Frances Spencer, did not file any suit or civil action or cause of action in any court in the State of Missouri within six months after the death of his wife, Cleo Frances Spencer; that on July 10, 1957, the plaintiffs in this cause filed suit against defendant without disclosing that Edward Spencer had previously settled with the persons above named; that plaintiffs' action was filed more than six months after the death of Cleo Frances Spencer, but within one year of date of death of Cleo Frances Spencer; and that on October 4, 1957, Edward Spencer, the surviving spouse of Cleo Frances Spencer, did file suit against defendant herein in the Circuit Court of Bates County for the wrongful death of his wife, Cleo Frances Spencer, which said suit was filed within one year after the date of the death of Cleo Frances Spencer but more than six months after such death.

Defendant's motion to dismiss was based upon the theory that the action of Edward Spencer in settling for $7,500 his claims against the persons named in the above release "did thereby appropriate unto himself the claim for the wrongful death of Cleo Frances Spencer within six months of the date of death of Cleo Frances Spencer and did thereby appropriate unto himself all rights for said claim and did thereby bar any rights which the children of Cleo Frances Spencer as above-named might have for the wrongful death of their mother Cleo Frances Spencer; and that the plaintiffs in the cause herein as the result of the appropriation of said cause of action by their father Edward Spencer have no interest whatsoever and no claim whatsoever for the death of Cleo Frances Spencer, their mother."

The release mentioned in the stipulation covers several pages of the transcript, but the particular paragraph emphasized by the parties is as follows: "It is specifically understood that the undersigned, Edward Spencer, is releasing hereby only his claim against the above-named· parties, their agents, employees, heirs, successors and assigns, and that said Edward Spencer does hereby expressly reserve any claims, right or cause of action which he may have against Robert Bradley, Bradley Gas Company, and any other individual, organization or corporation and does hereby expressly reserve any right which he may have to proceed against said Robert Bradley or any other said party."

In the order dismissing the cause, the trial court incorporated an extended opinion, reviewing authorities and stating the

conclusions reached, in part, as follows: "It thus appears that Edward Spencer, by executing this release for a valuable consideration as recited therein, recognized that he had some type of claim against the persons named therein as surviving spouse of Cleo Frances Spencer for her wrongful death, and Exhibit A is some evidence thereof, and that his action in so executing the release is a bar to plaintiffs' claim here, and the defendant's position should be sustained."

Appellants assign error on the action of the court in dismissing their amended petition and say that the question involved here "is whether, under the Missouri Death Act, a surviving spouse by executing a *partial release* to a party, but not all of the alleged tort-feasors who were responsible for his wife's death, has effectively barred, appropriated and/or extinguished the balance of said claim on behalf of his deceased spouse's children against a tort-feasor not included in the release."

Appellants insist that "under Missouri law plaintiffs' father could validly reserve a cause of action against the defendant and in fact did release only a part of those responsible for the death, and specifically reserved a cause of action against the defendant"; that there is no provision in the Missouri Death Act and no judicial decision prohibiting a reserved, but unused, right of action under said Act from vesting in deceased's minor children after the surviving spouse's period for bringing his action had expired; and that the "legislative intent behind the Act lends support to an interpretation allowing such a vesting of the unused right; said interpretation being that each wrongdoer is liable to each proper party in his turn for the whole period of the Act's statute of limitations unless effectively released by suit or other appropriate means."

Respondent, on the other hand, seeks to sustain the action of the court upon the ground (1) that "a cause of action for death creates only a single cause of action under the statutes of the State of Missouri and such cause of action cannot be split between several classes of claimants"; (2) that "pursuant to Section 537.080 R.S.Mo. 1959, Edward Spencer, father of plaintiffs, was entitled, within six months after the death of Cleo Frances Spencer to appropriate to himself all claims for her wrongful death, and by executing defendant's Exhibit 'A', Edward Spencer did appropriate unto himself all claims for the wrongful death of Cleo Spencer for the entire one year statutory period, to the exclusion of these plaintiffs"; and (3) that "the reservation of rights contained in defendant's Exhibit 'A' runs in favor of Edward Spencer, and this reservation plus the settlement with the parties thereto is an effective appropriation of the claim by Edward Spencer so as to bar plaintiffs herein from asserting any claim for the death of Cleo Spencer, and Edward Spencer had control of any such claim against defendant for the one year statutory period."

Respondent does not contend that the release (defendant's Exhibit "A") given by Edward Spencer to certain named persons in release of his claims against them for the alleged wrongful death of his wife, Cleo Frances Spencer, was a full and complete release of all claims for her death, nor does respondent question the rule that, "where joint tort-feasors are involved, a claimant may settle with part of the alleged joint tort-feasors and reserve or retain *his* rights against the others." See Sec. 537.060 RSMo 1959, V.A.M.S.; Birmingham v. Kansas City Pub. Serv. Co., 361 Mo. 458, 235 S.W.2d 322, 325.

As we view respondent's position it is that Sec. 537.080 RSMo 1959, V.A.M.S., provides for a single right of recovery for the death of Cleo Frances Spencer; that during the first six months following her death this right of recovery was vested exclusively in her surviving husband, Edward Spencer; that during this period Edward Spencer appropriated this right of recovery by the execution of the partial release to

certain named and alleged joint tort-feasors who contributed to cause her death; that having so appropriated the right of recovery for her death during such period, he, Edward Spencer, appropriated the right as against any and all other tort-feasors causing her death; that no right of recovery passed to plaintiffs-appellants at the end of the six months' period; and that Edward Spencer, having appropriated the right of recovery as against certain tort-feasors during the six months' period, might thereafter exercise such right by the institution of a suit after the six months, but within the year, against other alleged tort-feasors for said death.

As stated, Cleo Frances Spencer died October 6, 1956. Sec. 537.080 RSMo 1949, as amended Laws 1955, p. 778, V.A.M.S., provided in part that: "Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered;

"(1) By the husband or wife of the deceased; or

"(2) If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased * * *." Also see Secs. 537.090 and 537.100 RSMo 1959, V.A.M.S.

This Act, prior to the mentioned modification which is not material here, had repeatedly been construed as creating in the particularly designated beneficiary or beneficiaries mentioned a single right of recovery for such wrongful death and which right would support an action for damages, based on negligence, for the recovery of financial loss to the extent specified in the Act, and that in such action or actions the party or parties so vested with such single right of recovery might properly proceed by suit or suits against one or more tort-feasor, as such party might elect, and upon such grounds of negligence against the respective defendant or defendants as the facts might justify. While the right of recovery for wrongful death is often referred to as "a single cause of action" created in the designated beneficiary or beneficiaries, nevertheless it is clear from the cases that a single wrongful death may bring into existence one or more causes of action in favor of the beneficiary against one or more tort-feasors and that the liability of the different defendants might be based upon different grounds of negligence.

In the case of Cummins v. Kansas City Pub. Ser. Co., 334 Mo. 672, 66 S.W.2d 920, 930, this Court sitting en Banc adopted a long opinion by Hyde, C., (now Chief Justice) in a case involving the death of the husband, where the widow had sued within six months and died within the year and the minor children had then sued, and they were permitted to maintain the action. The Court reviewed the history of the Act and proceedings thereunder, as evidenced by the decided cases, and reached the following conclusions:

"These authorities do * * * establish the following principles applicable to cases where a man killed by the negligence of another leaves surviving him a widow or minor children or both:

"First. The statute provides for but one cause of action which accrues at the time of a man's death to his wife and then passes to his minor children, if she fails to sue within six months for any reason. It would, therefore, pass to them if she died within six months without suing.

"Second. Whether the widow or the children have the right to enforce this cause of action, it remains the same cause of action and passes from one beneficiary to an-

other. They do not have a joint cause of action nor concurrent causes of action. It passes from the widow to the minor children as an intestate's action passes to his administrator. * * *

"Third. When there are minor children, if the widow brings suit within six months that is an election by her to appropriate the cause of action. If there are no minor children she has the whole year in which to sue. Likewise if there is no widow the children do not have to wait six months to sue.

"Fourth. When the widow makes such appropriation, she has absolute control of the action as long as she lives. She may settle it and thereby terminate it. She may dismiss it and start another suit at any time permitted by the limitation section.

"Fifth. While as between the widow and minor children, the former is given a preferential right to sue, if exercised within six months, *as between the widow and minor children and the wrongdoer* the time to sue is not cut down, whether both widow and minor children survive or not and whatever may be their rights between themselves, but remains a year."

The above case was followed in Nelms v. Bright, Mo.Sup., en Banc, 299 S.W.2d 483, 487, where the Court held that: "The wrongful death statutes creates but one indivisible cause of action which remains the same whether enforceable by the surviving spouse, by the minor child or children, or by the others named in the statute"; and that where a wife was killed and her husband did not sue within six months only one of the two surviving minor children could not maintain the action because "neither minor child has a separate interest in the compensation authorized by the wrongful death statute which he or she may sue for, alien, or release prior to the rendition of the judgment therefor." And see Fair v. Agur, 345 Mo. 394, 133 S.W.2d 402, 404.

In the case at bar it is admitted that Edward Spencer survived his wife and within six months executed the partial release in question and both the appellants and respondent cite all of the foregoing cases. It is admitted, as stated, that on November 28, 1956, following deceased's death on October 6, 1956, that Edward Spencer executed the mentioned partial release, received the $7,-500 allegedly "paid in compromise of a doubtful and disputed claim", and that Edward Spencer had released the named parties from liability to him on account of the "alleged wrongful death of said Cleo Frances Spencer."

While it is admitted that Edward Spencer instituted no suit or action within six months against anyone for the alleged wrongful death of his said wife, this Court has construed the mentioned Act as not requiring a beneficiary to in fact "sue" or institute a suit if the right to recover for such wrongful death was otherwise appropriated by the designated beneficiary within the mentioned time, as by the execution of a release. Hamilton v. Missouri Pac. R. Co., 248 Mo. 78, 154 S.W. 86; Blessing v. Chicago, B. & Q. R. Co., Mo.Sup., 171 S.W.2d 602, 603(4, 5). And see Myers v. Kennedy, 306 Mo. 268, 267 S.W. 810, where the court, in an action against an automobilist for a wrongful death caused by his and a street-car company's concurrent negligence, held that the action was not barred by the plaintiff's covenant not to sue latter in the absence of full satisfaction for the injury sustained. The Court further pointed out that whether the liability of the tort-feasors springs from the same rule of the common law or the same statute or different rules and statutes, all are liable and what is done by one of them cannot affect the liability of the other unless what is done by him amounts to satisfaction in fact or by legal implication.

■ Appellants take the position that Edward Spencer by the settlement with the parties named in the partial release appropriated (as to these parties only) the cause or causes of action against them for the wrongful death of Cleo Frances Spencer, and that by excepting from the release any

claim or cause of action against respondent the said Edward Spencer did not appropriate any such cause of action against said respondent, nor did he sue thereon within six months and hence this cause of action passed under the statute to plaintiffs-appellants, who could and did sue within the year after their mother's death. We find no merit in this contention because it is well settled that the cause of action or right to maintain an action and recover for a wrongful death of any person is a single right and the right is vested in specific beneficiaries, although the basis for recovery or the cause or causes of action against one or multiple defendants to enforce said right may be based upon any number of assignments of common law or statutory negligence. In other words, the cause of action or right to sue and recover for a wrongful death is a single right and vested in specific beneficiaries, as set forth in the statute, but the beneficiary or beneficiaries in whom this right is vested may have multiple causes of actions on common law or statutory grounds against named defendants for joint or concurrent negligence causing the mentioned death.

As we see it our question here is, did the execution of the partial release to those parties named therein also constitute the appropriation by Edward Spencer of the cause of action or right to sue and recover for his wife's wrongful death, not only as to the alleged tort-feasors named in and released by that instrument, but also as to all other persons who might be properly charged with the alleged wrongful death? We think the applicable cases satisfactorily lead to the last conclusion, to wit: that, the right of recovery being single, the appropriation of it as to one alleged tort-feasor was an appropriation as to all others as well, so that in this case the appellants may not maintain their action against the respondent.

In the case of Packard v. Hannibal & St. Joseph R. Co., 181 Mo. 421, 80 S.W. 951, the record shows that, subsequent to the death of her husband, the widow brought a suit within six months against one railroad company under the impression that it was the sole wrongdoer. Thereafter, after the lapse of six months, the minor children of the deceased brought a suit within the year against another company, the Hannibal & St. Joseph R. Co., on the theory that their mother had brought her suit against the wrong party. The Court, however, held that the widow by bringing her suit within six months had appropriated the cause of action to herself and thereby forever took away from the children the right to sue. In that case the Court said: "That Mrs. Packard brought her suit against the Rock Island Railroad within the six months is conceded, but the contention of plaintiffs is that, while it is true she sued the Rock Island, she did not sue the Hannibal & St. Joseph Company, the wrongdoer; that she failed to recover because she sued the *wrong party*, and therefore she did not appropriate the right of action against the Hannibal & St. Joseph Company." The Court further said: "Mrs. Packard having brought her suit within the six months, the entire cause of action became hers absolutely, and remained in her in her own right and not as next friend of her children. * * * Having appropriated the right, she had absolute control of it. Her right of action was against all whose negligence caused the death of her husband. Having plenary control of the action, she was at liberty to sue them all jointly, or as many as she saw fit. It is true, there could be but one satisfaction, but until satisfaction all the negligent parties were liable, at her election." (181 Mo. 421, 427, 429, 80 S.W. 953.)

In the case of McNamara v. Slavens, 76 Mo. 329, the plaintiffs, children of the deceased, brought a suit for the wrongful death of their father. However, it appeared that their mother, a widow, had instituted her suit previously for the father's death and, thereafter, dismissed and did not renew said suit. The Court dismissed the children's suit and, as to the right of re-

covery for wrongful death, said: "It is **a** cause of action created by the statute, and no one can sue unless he bring himself within its terms. It is not a joint right of action in the husband or wife and the children. The statute gives the surviving husband or wife six months within which to elect to appropriate the cause of action, the election to be made by the institution of a suit. If the surviving husband or wife sue within six months, that is an exercise of the option given by the statute. He or she then has as absolute control of the cause of action as to any common law right of action he or she may have, and may compromise, release or otherwise settle the matter in controversy with the defendant. * * * By the commencement of the suit by the mother, within six months after the death of the father, the right of the children to sue was forever taken away." (76 Mo. 329, 331.)

In the case of Huss v. Bohrer, 317 Mo. 204, 295 S.W. 95, 97, a widow with minor children within six months commenced a suit for her husband's wrongful death but, thereafter, dismissed it and then instituted a second suit within a year after said death. The Court said: "The bringing of the suit fully vested the cause of action in her to the exclusion of the minor children. Regardless of the subsequent disposition made of that suit, her right to the action was thereby irrevocably established and that of the children forever cut off. * * * Having so acquired the cause of action to the exclusion of the minor children, by the performance of the condition prescribed by section 4217 [RSMo 1919], plaintiff could thereafter sue to enforce the same within the time limited by section 4221, namely, one year after the cause of action accrued."

In the case of Meyer v. Pevely Dairy Co., 333 Mo. 1109, 64 S.W.2d 696, the widow brought her suit for the wrongful death of her husband against one defendant within six months, and thereafter within one year from said death, she added a new party as defendant. It was contended that the cause of action, if any, against the added party

had, after a lapse of six months, become vested in the minor children of the deceased. The contention was denied and the Packard, Huss and McNamara cases, supra, were cited in support of the Court's conclusion.

In the case before us, it appears as a matter of law on the admitted facts that, by the execution of the mentioned partial release to the named parties for the alleged wrongful death of Cleo Frances Spencer, within six months after her death, Edward Spencer, her husband appropriated the right to sue and recover for her alleged wrongful death and appropriated said right not only against the alleged tort-feasors which were released, but also as against all other tort-feasors who might be charged with responsibility for her death, including the defendant-respondent herein, and that by so appropriating said right of action any right of recovery in the minor children (appellants herein) was forever cut off.

The court did not err in dismissing the plaintiffs' second amended petition. The judgment is affirmed.

All concur.