John Harrison **WHITLEY,** Donna Faye Whitley, Ginger Ann Whitley, Tina Margaret Whitley and Teresa Ellen Whitley, b/n/f Imogene Whitley as next of kin of Deceased, John Whitley

v.

**GEORGIA WESTERN AND WATKINS MOTOR LINES, INC.**

Civ. A. No. 6489.

United States District Court
E. D. Tennessee, N. D.

May 12, 1969.

Rom Meares, Jr., Maryville, Tenn., for plaintiffs.

R. Hunter Cagle, Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This suit is one for the wrongful death of John Whitley, Sr., the father of Doyle and John, Jr. Prior to the suit, one of the sons, John, Jr., died leaving as his children the five plaintiffs.

As the surviving child and Executor of the Estate of John, Sr., Doyle compromised any claim which he might have had against the defendant arising from the death of his father. The release purported to release and discharge defendant "from all claims and demands, actions and causes of action, damages, cost, loss of service, expenses and compensation on account of, or in any way growing out of bodily injuries and property damage resulting or to result from accident * * *" Doyle was to be paid $7,500.00 in accordance with the agreement.

Doyle Whitley, as the sole surviving son and therefore the next of kin of John Whitley, Sr., had the prior statutory right to file suit against the defendant for the benefit of himself and for plaintiffs as the other beneficiaries under the statute. The pertinent parts of Section 20–607 of the Tennessee Code read as follows:

"20–607. *Injury resulting in death —Succession to cause of action.*—The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the benefit of his widow or next of kin; * * * the funds recovered in either

case to be free from the claims of creditors * * *."

Thus, as to be noted from the portion of the quoted statute, the right of action which a deceased might have had against any wrongdoer would pass to his widow, then to his children or to his next of kin, in this case, Doyle Whitley, the only son that survived deceased.

The Supreme Court has construed the words "next of kin," in cases of this character, to signify nearest in blood relationship. Helms, Administrator v. Elliott, 89 Tenn. 446, 14 S.W. 930, 10 L.R.A. 535.

Since Doyle Whitley had the prior right to sue under TCA 20–607, heretofore quoted, he had the right to compromise the claim and the compromise is binding upon other beneficiaries of the proceeds even though the others did not agree to the compromise.

In Holder v. Nashville, C. & St. L. Railroad Co., 92 Tenn. 141, at page 144, 20 S.W. 537, 538, the Court stated:

"The action may be instituted by the widow, or by the children, if there be no widow, or by the personal representative. The widow has the first right of suit; and the words of the statute, which confer upon her the primary right to sue, have been held to give her the power to compromise her suit over the objection of the children, and without let or hinderance from any one * * *."

See: Louisville & N. R. Co. v. Cantrell, 25 Tenn.App. 529, 160 S.W.2d 444; Spitzer v. Knoxville Iron Co., 133 Tenn. 217, 180 S.W. 163.

The proceeds of the compromise recovery pass as if they were personal property under the statute of descent and distribution.

Plaintiffs took the interest of their deceased husband and father. Anderson v. Anderson, 211 Tenn. 566, 366 S.W.2d 755. See: Commerce-Union Bank v. McCabe, 166 Tenn. 337, 61 S.W.2d 460.

█ Plaintiffs are neither the deceased children nor his next of kin within the meaning of Section 20–607 of the Tennessee Code.

█ As previously indicated, "next of kin" in the sense used in the wrongful death statute, means persons nearest of kindred to decedent, that is, those most nearly related to decedent by blood. Sneed v. Henderson, 211 Tenn. 572, 366 S.W.2d 758. See Draper et al. v. Draper, 174 Tenn. 394, 126 S.W.2d 307.

The release executed by Doyle Whitley in his capacity as Executor, and in his individual capacity as next of kin of John Whitley, Sr., is binding upon plaintiffs. Cummins v. Woody, 177 Tenn. 636, 152 S.W.2d 246; 27 Tenn.Law Review 447.

The Court heard proof on the merits of the case in the absence of a jury. Witness Mrs. Gunther, was with deceased, John Whitley, Sr. on February 25, 1968 on the date of the accident which resulted in his death. The accident occurred at or near the White Creek Bridge in the Crossville area. She stated that defendant's truck hit deceased's car as it was about to enter on the bridge and knocked it off of the bridge into the water; that Whitley sustained a broken hip and other injuries, which according to the medical testimony resulted in his death. She testified that he had had only one drink of whiskey prior to the accident which occurred between 5:30 and 6:00 p.m.; that the one-half pint liquor bottle from which he had taken the drink was in the glove compartment of his car. She also stated that she didn't realize that the truck was behind her until it struck the car in which she was riding.

Ginger, Harrison and Fay Whitley each testified that their grandfather had contributed to their education prior to his death. They have not received any part of the proceeds of the compromise settlement made by their Uncle Doyle Whitley.

Charles Rogers was the driver of the defendant's truck on the day of the accident. He stated that he followed decedent's car ten or twelve miles prior to the collision. He also stated that dece-

dent and his companion, Mrs. Gunther, were both drinking out of paper cups; that decedent's car was zigzagging back and forth over the yellow line in the highway and that he started around him a time or two without success. That immediately prior to the accident, he intended to pass in a passing zone and as he was about to pass he was met by an on-coming car at which time decedent's car made a sudden stop. After the stop he started between that car and the on-coming car and in doing so struck decedent's car. At the time of the accident he was traveling about 10 miles per hour. He had been traveling around 30 miles per hour. He smelled alcohol on decedent's breath.

Mrs. Mae Farley was the driver of the other car that was crossing the bridge in the opposite direction from the decedent's car and defendant's truck immediately prior to the accident. She stated that decedent's car stopped suddenly. She also stated that Mrs. Gunther was drinking, as she smelled a strong odor of liquor on her breath.

Kenneth Jones, a state highway patrolman, arrived at the scene of the accident about fifteen or twenty minutes after he received the call. He smelled alcohol on the breath of decedent. He found the one-half pint liquor bottle and two 7-Up bottles in decedent's car. About one-half of the liquor was gone.

Doyle Whitley is the Executor of his father's estate. It is not closed. He made the settlement of $7,500.00 with an adjustor of Crawford and Company after several conferences with the representatives and upon the advice of an attorney. He did not know that he could turn over to plaintiffs their share of the proceeds of the settlement until the creditors of his father's estate had been paid and presumably that is the reason for the delay in payment to them. He was advised that they are entitled to their share of the proceeds free from claims of creditors.

It is obvious from the foregoing references to the testimony that the question of liability upon the part of the defendant is a close one. If Mrs. Gunther's testimony is to be believed, the defendant is liable. If defendant's truck driver, Charles Rogers, is to be believed, there is considerable doubt as to whether defendant is liable. If the Court should hold that liability does not exist and the settlement is set aside, the plaintiffs would lose their proportionate part of the settlement proceeds. Since the Court is of the opinion that the settlement was made in good faith, upon the advice of reputable counsel, and is fair under all the facts and circumstances, it is unwilling to set it aside.

The Court, therefore, concludes that plaintiffs are barred from recovery in this action because Doyle Whitley, son of the deceased, had the prior right to file a suit pursuant to Section 20–607 T.C.A. and having that right he had the further right to settle the claim.

Doyle Whitley, individually and as Executor, is directed to distribute immediately to plaintiffs their proportionate part of the proceeds of the compromise settlement.