2013 COA 158

**Matthew V. BARNHART;**
**Plaintiff–Appellant,**

v.

**AMERICAN FURNITURE WAREHOUSE COMPANY, Defendant–Appellee.**

**Court of Appeals No. 13CA0085**

Colorado Court of Appeals,
Div. III.

Announced November 21, 2013

Weld County District Court No. 12CV466, Honorable Daniel S. Maus, Judge

Pipis Marsh Law LLP, Richard A. Marsh, Longmont, Colorado; William E. Peters, P.C., William E. Peters, Denver, Colorado, for Plaintiff–Appellant.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Cesilie J. Garles, Englewood, Colorado, for Defendant–Appellee.

Opinion by JUDGE J. JONES

¶ 1 Plaintiff, Matthew V. Barnhart (son), appeals the district court's summary judgment in favor of defendant, American Furniture Warehouse Company (AFW), on his wrongful death claim.

¶ 2 We must decide whether, under Colorado's Wrongful Death Act (the Act), sections 13–21–201 to –204, C.R.S.2013, an heir may bring a wrongful death claim after a decedent's surviving spouse has settled such a claim without filing suit. We conclude that a spouse's earlier settlement precludes an heir's subsequent claim, and therefore affirm the district court's judgment.

## I. Background

¶ 3 On January 19, 2011, Mildred Mae Fernandez sustained injuries in an accident at an AFW store. She died shortly thereafter. Mrs. Fernandez is survived by her husband, Ezekiel Fernandez (husband), and son.

¶ 4 Husband retained counsel in connection with his wife's death. On February 22, hus-

band's counsel informed AFW's insurer that he had been retained by husband. Husband's counsel subsequently told the insurance company that husband was asserting a wrongful death claim under the Act. Negotiations ensued. In December 2011, husband agreed to settle his claim in return for $400,000, and in February 2012 he executed a release of all claims against AFW.

¶ 5 Son then brought this action, also asserting a wrongful death claim under the Act. AFW moved for summary judgment on the ground that son's claim was barred by the Act's limitation that "only one civil action" may be brought for recovery of damages for the wrongful death of any one decedent. § 13–21–203(1)(a).

¶ 6 In a thorough and well-reasoned order, the district court granted the motion. The court concluded that the Act's "only one civil action" provision barred son's action because, within one year of Mrs. Fernandez's death, husband had asserted a wrongful death claim.

## II.  Discussion

¶ 7 Son contends that his claim was not barred by husband's out-of-court settlement because the settlement was not an "action" within the meaning of subsection 13–21–203(1)(a). We are not persuaded.

### A.  Standard of Review

¶ 8 We review an order granting summary judgment de novo. *Berenson v. USA Hockey, Inc.*, 2013 COA 138, ¶ 12, 338 P.3d 379. Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Berenson,* ¶ 13.

### B.  Analysis

¶ 9 Wrongful death claims could not be brought at common law and may be maintained in Colorado only pursuant to the Act. *Hopper v. Denver & R.G.R. Co.*, 155 F. 273, 275 (8th Cir.1907) (applying Colorado law); *Clint v. Stolworthy*, 144 Colo. 597, 600, 357 P.2d 649, 651 (1960); *Estate of Kronemeyer v. Meinig*, 948 P.2d 119, 121 (Colo.App.1997).

¶ 10 The Act addresses which parties may bring an action for wrongful death, and in what order. *Campbell v. Shankle*, 680 P.2d 1352, 1353–54 (Colo.App.1984); *see also Clint*, 144 Colo. at 600–01, 357 P.2d at 651–52. As relevant here, a decedent's surviving spouse has the exclusive right to bring such an action within the first year after the date of death. *See* § 13–21–201(1)(a); *Campbell*, 680 P.2d at 1354. During the second year, a decedent's spouse and heirs have equal rights to bring an action. *See* § 13–21–201(1)(b). However, "only one civil action" may be brought to recover damages for the wrongful death of any one decedent. § 13–21–203(1)(a).

¶ 11 In the typical case, the decedent's surviving spouse brings a wrongful death case in court, which goes to judgment or is otherwise resolved. Thereafter, no other beneficiary may bring a claim. *See, e.g., Niven v. Falkenburg*, 553 F.Supp. 1021, 1024 (D.Colo.1983) (dismissing the children as plaintiffs from the husband's wrongful death action because the husband had the exclusive right to sue during the first year after his wife's death) (applying Colorado law).

¶ 12 In this case, husband, who by virtue of the Act had the exclusive right of action during the first year after his wife's death, settled his claim without filing suit. Son, relying on the following statutory language, contends that only a spouse's lawsuit (or settlement of a lawsuit) can bar a subsequent wrongful death claim under the Act:

- Section 13–21–202 says that a tortfeasor "*shall* be liable in an *action* for damages" (emphasis added);
- Subsection 13–21–203(1)(a) says that all damages under the Act "*shall* be *sued* for and recovered" (emphasis added); and
- Subsection 13–21–203(1)(a) also says that "only one civil *action*" (emphasis added) may be brought.

¶ 13 Whether a prelitigation settlement of a claim is an "action" for purposes of subsection 203(1)(a) is an issue of statutory interpretation. We review that issue de novo. *Sperry v. Field*, 205 P.3d 365, 367 (Colo.2009); *Idaho Pac. Lumber Co. v. Celes-*

*tial Land Co. Ltd.*, 2013 COA 136, ¶ 7, — P.3d —.

¶ 14 Our primary task in interpreting a statute is to ascertain and give effect to the General Assembly's intent. *Larrieu v. Best Buy Stores, L.P.*, 2013 CO 38, ¶ 12, 303 P.3d 558; *Krol v. CF & I Steel*, 2013 COA 32, ¶ 15, 307 P.3d 1116. To do so, we look first to the statutory language, interpreting the words used therein according to their plain and ordinary meanings. *State v. Nieto*, 993 P.2d 493, 500 (Colo.2000); *Carter v. Brighton Ford, Inc.*, 251 P.3d 1179, 1181 (Colo.App. 2010). At the same time, we read the statutory scheme as a whole to give consistent, harmonious, and sensible effect to all of its parts. *Shaw v. 17 West Mill St., LLC*, 2013 CO 37, ¶ 13, 307 P.3d 1046; *Krol*, ¶ 15. The General Assembly's intent will prevail over a literal interpretation of the statute that would lead to an absurd result. *Henisse v. First Transit, Inc.*, 247 P.3d 577, 579 (Colo. 2011); *Colo. Div. of Ins. v. Trujillo*, 2012 COA 54, ¶ 33, 337 P.3d 1210 (*cert. granted* Apr. 8, 2013); *see also* 2A Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 46:7, at 253–57 (7th ed. 2009) ("[I]f the literal import of the text of an act is inconsistent with the legislative meaning or intent, or such interpretation leads to absurd results, the words of the statute will be construed to agree with the intention of the legislature.").

¶ 15 Looking first to the plain language of the statute, we agree with son that "action" is commonly regarded as referring to a judicial proceeding. *See Hernandez v. Downing*, 154 P.3d 1068, 1070 (Colo.2007); *Black's Law Dictionary* 32 (9th ed. 2009) (defining "action" as a "civil or criminal judicial proceeding"). Likewise, the plain meaning of the word "sue" is to institute a proceeding against another party in a court of law. *See Black's Law Dictionary* 1570, 1572 (9th ed. 2009).

¶ 16 But son's proposed limiting interpretation would lead to an absurd result. Under that interpretation, a settlement would not be considered an "action" for purposes of the "only one civil action" limitation unless the settlement was reached in the context of a pending lawsuit. Thus, even where a beneficiary with a primary right of action had settled a wrongful death claim against a tortfeasor, other beneficiaries could still assert a second wrongful death claim, and obtain a second recovery, so long as the first beneficiary had never filed suit. Son offers no rational reason why the General Assembly would have intended to treat prelitigation and litigation settlements differently, and none is apparent to us.

¶ 17 Colorado courts have held that the legislative purpose of the "only one civil action" provision is to prevent multiple actions for the death of a single decedent, with the underlying goal of precluding multiple recoveries. *See Steedle v. Sereff*, 167 P.3d 135, 138 (Colo.2007) (the Act limits damages by requiring all claims pursuant to the death of one person to be combined into one civil action) (citing § 13–21–203(1)(a)); *Hernandez*, 154 P.3d at 1070 ("The words 'only' and 'one' are self-evident, leaving no room for doubt that Colorado law forbids multiple actions for the recovery of damages for the wrongful death of a decedent."); *Estate of Kronemeyer*, 948 P.2d at 121 ("[T]he plain language of § 13–21–203(1) clearly and unambiguously reflects the intent of the General Assembly to permit only one wrongful death action for the death of one decedent."); *see also Hopper*, 155 F. at 275 ("[T]he statute as a whole makes it plain that there shall be but one right of action and but one recovery in respect of any death."). Also, we observe that section 203 is entitled "Limitation on damages." Read in light of this title, we believe it is clear that the "only one civil action" provision was intended to limit the number of recoveries under the Act. *Cf. CLPF–Parkridge One, L.P. v. Harwell Invs., Inc.*, 105 P.3d 658, 661 (Colo.2005) ("We may consider the statute's declaration of purpose, its title, and its legislative history in construing legislative intent.").

¶ 18 Although Colorado courts have not addressed the specific question whether an out-of-court settlement by a beneficiary with the primary right to sue binds subsequent beneficiaries, courts in other jurisdictions have. And those courts have held that it does. *See, e.g., Whitley v. Georgia W. & Watkins Motor Lines, Inc.*, 299 F.Supp. 1238

(E.D.Tenn.1969) (applying Tennessee law); *Spencer v. Bradley*, 351 S.W.2d 202 (Mo. 1961); *Blessing v. Chicago, B. & Q.R. Co.*, 171 S.W.2d 602 (Mo.1943); *Hamilton v. Mo. Pac. Ry. Co.*, 248 Mo. 78, 154 S.W. 86 (1913); *Holder v. Nashville, C. & St. L.R. Co.*, 92 Tenn. 141, 20 S.W. 537 (1892); *cf. Patten v. Olson*, 265 N.W.2d 688, 690–91 (N.D.1978) (noting that the majority rule among states is that a release by a surviving spouse with the primary right of action is binding upon the decedent's children).

¶ 19 Applying wrongful death statutes similar to Colorado's, the Missouri and Tennessee courts have concluded that a beneficiary's right to sue necessarily includes the right to settle. *See Blessing*, 171 S.W.2d at 603 ("Cases state the widow, having timely sued, may compromise, release or otherwise settle the controversy."); *Holder*, 20 S.W. at 538 (the widow, having the primary right to sue, has "the power to compromise her suit over the objection of the children, and without let or hindrance from any one"); *see also Campbell*, 680 P.2d at 1354 (spouse with the exclusive right to sue "had the concomitant right to settle the claim and to receive the proceeds therefrom") (citing *Whitley*, 299 F.Supp. 1238).

¶ 20 Those courts have further reasoned that if beneficiaries have the right to settle their claims, they necessarily have the right to do so at any time—before or after filing suit. *See Spencer*, 351 S.W.2d at 206 (Missouri's wrongful death statute does not require a beneficiary "to in fact 'sue' or institute a suit" if he otherwise recovers within the designated time, as by the execution of a release); *Hamilton*, 154 S.W. at 86–87 (rejecting the decedent's child's argument that the widow has no cause of action until she

appropriates it by bringing suit); *Holder*, 20 S.W. at 538 ("If [the widow] may compromise her suit after it is brought, she may compromise the right of action before suit is brought. This is too manifest to admit of elaboration."). And that settlement binds all subsequent beneficiaries. *See Whitley*, 299 F.Supp. at 1240 (because the decedent's son had the prior right to sue, he also had the right to compromise the claim, and the compromise is binding on other beneficiaries).

■ ¶ 21 We agree with the reasoning of these courts. We thus conclude that a beneficiary with the primary right of action necessarily has the power to settle his claim. We further conclude that he may settle his claim with or without filing suit, and that any such settlement is binding on all other beneficiaries.[1] This conclusion comports with Colorado's policy favoring the expeditious resolution of disputes. *See Gates Corp. v. Bando Chem. Indus., Ltd.*, 4 Fed.Appx. 676, 682 (10th Cir. 2001) ("Colorado public and judicial policies favor voluntary agreements to settle legal disputes"); *Hernandez*, 154 P.3d at 1071–72 (noting Colorado's policy of " 'secur[ing] the just, speedy and inexpensive determination of every action' ") (quoting C.R.C.P. 1(a)); *Smith v. Zufelt*, 880 P.2d 1178, 1185 (Colo. 1994) ("When considering alternative consequences, we will defer to results that encourage the settlement of disputes."); *Yaekle v. Andrews*, 169 P.3d 196, 200 (Colo.App.2007) (noting Colorado's "strong policy favoring dispute resolution rather than continued litigation"), *aff'd*, 195 P.3d 1101 (Colo.2008).

¶ 22 Son, however, argues that the Missouri and Tennessee decisions are not persuasive because those states have distinguishable wrongful death statutes.[2] He first

---

1. Son's reliance on *Howlett v. Greenberg*, 34 Colo.App. 356, 530 P.2d 1285 (1974), for the proposition that the right to settle can be exercised only in connection with a lawsuit is misplaced. Son asserts that, under *Howlett*, a spouse's exclusive right to sue implies that the spouse has "sole control of all elements of the litigation." *See id.* at 359, 530 P.2d at 1288. But the language to which son cites is merely a summary of the *Spencer v. Bradley*, 351 S.W.2d 202 (Mo.1961), court's rationale. (And son argues that *Spencer* is not persuasive.) In any event, nothing in *Howlett* supports son's asser-

tion that a spouse has exclusive control over litigation decisions only after filing suit.

2. We note, however, that all three statutes trace their origins to the same 1846 English statute. *See Crownover v. Gleichman*, 194 Colo. 48, 50, 574 P.2d 497, 498 (1977) ("Colorado's wrongful death act was patterned after Lord Campbell's Act which was passed by the English Parliament in 1846."); *Gilkeson v. Mo. Pac. Ry. Co.*, 222 Mo. 173, 121 S.W. 138, 143 (1909) (Missouri's statute "is mainly copied from the English statute ..., commonly called 'Lord Campbell's Act' "); *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d

attempts to distinguish *Whitley* on the basis that Tennessee's statute does not provide a cause of action to a decedent's children unless there is no surviving spouse. *See* Tenn. Code Ann. § 20–5–107 (2013); *Whitley*, 299 F.Supp. at 1239–40 (construing a predecessor statute). But, as with Colorado's statute, Tennessee's statute provides a priority system in which beneficiaries may recover. *See* Tenn.Code Ann. § 20–5–107. And under that priority system, a settlement by a beneficiary with the primary right to sue precludes a claim by subsequent beneficiaries. *See Whitley*, 299 F.Supp. at 1239–40. We therefore view the Tennessee statute as sufficiently analogous to the Act.

¶ 23 Son also attempts to distinguish both Missouri's and Tennessee's statutes based on their use of the word "may." *See* Mo.Rev. Stat. § 537.080 (2013) (providing that damages for wrongful death "may be sued for"); Tenn.Code Ann. § 20–5–107 (providing that a wrongful death action "may be instituted"). He points out that subsection 203(1)(a), in contrast, provides that damages "shall be sued for and recovered." § 13–21–203(1)(a), C.R.S.2013. Son takes the word "shall" out of context. Subsection 203(1)(a) provides that "[a]ll damages accruing under section 13–21–202 shall be sued for and recovered *by the same parties and in the same manner* as provided in section 13–21–201." (Emphasis added.) Read in this context, the word "shall" is not used to require that a party file suit before the bar will apply. Rather, subsection 203(1)(a) provides that if a party brings a wrongful death claim under section 202, he must do so as if he had brought his claim under section 201.

■ ¶ 24 We note as well that although "shall" generally has a mandatory connotation, it can also mean "should," "may," or "will." *People v. Back*, 2013 COA 114, ¶ 25, —— P.3d ——; *Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875, 878 (Colo.App.2003); *see Black's Law Dictionary* 1499 (9th ed. 2009). In determining whether the General Assembly intended a statutory term to be mandatory or directory, " '[t]he intent of the legislature . . . should control, and no formalistic rule of grammar or word form should stand in the way of carrying out legislative intent.' " 1A *Statutes and Statutory Construction* § 25:3, at 585; *accord Danielson v. Castle Meadows, Inc.*, 791 P.2d 1106, 1113 (Colo. 1990). As noted, son offers no reason why the General Assembly would have required that one party sue another before the bar against multiple recoveries would apply. Indeed, requiring all wrongful death claimants to file suit—even those who have, consistent with their rights as priority claim holders, negotiated settlements before filing suit—would impose an unnecessary procedural burden on claimants and waste judicial resources. We do not believe the General Assembly intended such an unreasonable result. *See* § 2–4–201(1)(c), C.R.S.2013 (it is presumed the General Assembly intended a just and reasonable result); *Carter*, 251 P.3d at 1181 (same).

¶ 25 Nor are we persuaded by son's argument that *Hernandez*, 154 P.3d 1068, supports his position. In that case, the question before the court was whether allowing a co-defendant to sever an action so that the plaintiff's wrongful death claims against the two defendants would be resolved in separate judicial proceedings would run afoul of the Act's requirement of "only one civil action . . . for recovery of damages for the wrongful death of any one decedent." § 13–21–203. In concluding that it would, the court held that each judicial proceeding is a separate civil action. But we perceive nothing in the court's application of the common understanding of "civil action" to the situation before it as barring an interpretation of the statute which avoids an absurd result here.

¶ 26 Lastly, we observe that were we to apply son's hypertechnical reading to the rest of the Act, the bar against multiple recoveries would not apply in the event of any settlement. The General Assembly used terms such as "action," "damages," "judg-

593, 596 (Tenn.1999) (Tennessee's statute "embod[ies] the substantive provisions of Lord Campbell's Act"). In fact, some courts have noted that Colorado's statute was modeled after Missouri's. *See Hopper*, 155 F. at 276 (Colorado's "statute was largely copied from one in Missouri"); *Mollie Gibson Consol. Mining & Milling Co. v. Sharp*, 23 Colo. 259, 262, 47 P. 266, 268 (1896) (the Act "seems to be copied from the statutes of Missouri").

ment," and "sue" throughout the Act. The strictest interpretation of these terms would exclude settlements. *Cf. Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir.1996) (" 'Standing alone, a settlement agreement is nothing more than a contract ....' " (quoting *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993))); *Cross v. Dist. Court*, 643 P.2d 39, 41 (Colo.1982) (a settlement "is, in effect, a contract to end judicial proceedings"); *Griego v. Kokkeler*, 543 P.2d 729, 730 (Colo.App.1975) (not published pursuant to C.A.R. 35(f)) ("A settlement need not have been entered into [in] the presence of the court."). As discussed above, however, we conclude that this would be an absurd result.[3]

¶ 27 Thus, reading subsection 203(1)(a) in light of the General Assembly's intent to preclude multiple wrongful death recoveries, we conclude that the "only one civil action" provision is merely a limit on the number of recoveries that may be sought—not a requirement that an action must be filed in court for the bar to apply. Put another way, there can be no more than one action for the wrongful death of any one person. But no settling beneficiary is obligated to sue before the bar may apply.

¶ 28 Accordingly, we conclude that resolution of a wrongful death claim by an out-of-court settlement is an "action" for purposes of subsection 203(1)(a)'s "only one civil action" limitation. Because husband settled his wrongful death claim within one year of his wife's death, son's subsequent claim is barred.

¶ 29 The judgment is affirmed.

JUDGE DAILEY and JUDGE ROMÁN concur.

---

3. We note that the Tenth Circuit Court of Appeals has also refused to apply a hypertechnical reading of the Act where it would be clearly illogical to do so. *See Bartch v. United States*, 330 F.2d 466, 467 (10th Cir.1964) (refusing to read the word "jury" in the Act to exclude a trial to the court).