ESTATE OF D. KRONEMEYER, Deceased, by its Personal Representative; Barbara Clark, Barbara Clark Individually and Daniel Jason Bud Kronemeyer, Individually, Plaintiffs–Appellants,

v.

Richard P. MEINIG, M.D., James M. Larkin, M.D., and Penrose–St. Francis Healthcare Systems, Inc., a Colorado corporation, Defendants–Appellees.

No. 96CA1915.

Colorado Court of Appeals, Div. IV.

Nov. 13, 1997.

Lehouillier & Associates, Patric J. Lehouillier, Alexanderia Mason, Colorado Springs, for Plaintiffs–Appellants.

Kennedy & Christopher, P.C., John R. Mann, Daniel R. McCune, Denver; Cooper & Clough, P.C., Kay J. Rice, Karen L. Allison, Gary W. Flanagan, Denver; Johnson Ruddy Norman & McConaty, P.C., Collie E. Norman, Marci L. Laddusaw, Denver, for Defendants–Appellees.

Opinion by Judge NEY.

Plaintiffs, Estate of Daniel Kronemeyer (decedent) and his natural children, Barbara Clark and Daniel Jayson Bud Kronemeyer, appeal the summary judgment dismissing with prejudice the plaintiffs' entire action based on medical malpractice against defendants, Richard P. Meinig, M.D., James M. Larkin, M.D., and Penrose–St. Francis Healthcare Systems, Inc. We affirm the summary judgment on the wrongful death claims and remand for re-instatement of claims based on the Survival Statute.

On April 13, 1995, Daniel Kronemeyer initiated a personal injury action against the driver of an automobile which had struck him, a pedestrian. When Kronemeyer died on April 15, 1995, the case was amended to be a wrongful death action on behalf of Kronemeyer's natural children and a claim for the Estate of Daniel Kronemeyer.

The Kronemeyer Estate and children reached a settlement with the driver for $50,-000, in exchange for the release of all claims against the driver and her insurance company. The release provided:

> It is further understood and agreed that the undersigned is contemplating the filing of a medical negligence suit relating to the death of Daniel Kronemeyer. This Release is not a general release and is not to be construed as barring the bringing or maintenance of these actions as the claims asserted in them are specifically excepted from this Release.

That action was then dismissed with prejudice in October 1995.

In March 1996, the plaintiffs initiated the instant medical malpractice action against the defendants. The plaintiffs' claims of medical malpractice in this case are based on the defendants' treatment of the injuries that the decedent had sustained in the pedestrian-automobile accident. The plaintiffs sought non-economic damages on behalf of the decedent's children under the Wrongful Death Statute, § 13–21–201, et seq., C.R.S.1997, for loss of the decedent's companionship and emotional stress, and damages on behalf of the estate for medical and funeral expenses under the Survival Statute, § 13–20–101, C.R.S.1997.

The Wrongful Death Statute provides, in § 13–21–203(1), C.R.S.1997, that: "There shall be only one civil action under this part for recovery of damages for the wrongful death of any one decedent."

In granting summary judgment in favor of the defendants and dismissing the plaintiffs' case, the trial court concluded that § 13–21–203(1) barred this action because the plaintiffs had already initiated, settled, and voluntarily dismissed, a civil action for wrongful death of the same decedent.

I.

The plaintiffs argue that the trial court erred in dismissing the wrongful death action

without due consideration for the legislative history and purpose of § 13–21–203(1). The plaintiffs assert that the legislative history indicates that the General Assembly did not intend that this claim be barred by the provisions of § 13–21–203(1). We disagree.

Wrongful death actions did not exist at common law. A wrongful death claim may be maintained in Colorado only by virtue of the Wrongful Death Statute. Section 13–21–201, et seq., C.R.S.1997. And, because the statute is in derogation of common law, it must be strictly construed. *Whitenhill v. Kaiser Permanente*, 940 P.2d 1129 (Colo. App.1997).

The plaintiffs argue that the prior and present actions together effect an ongoing resolution of a single wrongful death claim against different defendants. This characterization ignores the plain, unambiguous language of the statute, which bars a second civil action for wrongful death based upon the death of the same decedent.

The primary task in construing a statute is to effectuate the intent of the General Assembly. *Regional Transportation District v. Lopez*, 916 P.2d 1187 (Colo.1996). When interpreting a statute, we look first to the language and give effect to the plain and ordinary meaning of the words used. *Farmers Group, Inc. v. Williams*, 805 P.2d 419 (Colo.1991). If the plain and ordinary wording of the statute reasonably indicates the intent of the General Assembly and does not lead to an absurd result, we look no further and do not apply any other rules of construction, such as examining the legislative history. *Rodriguez v. Schutt*, 914 P.2d 921 (Colo. 1996).

We conclude that the plain language of § 13–21–203(1) clearly and unambiguously reflects the intent of the General Assembly to permit only one wrongful death action for the death of one decedent. Pursuing in a sequential manner several wrongful death actions, against different defendants, and asserting different causes of death, is prohibit-ed. Therefore, the trial court correctly concluded that the second wrongful death action in the instant case could not be maintained.

## II.

The plaintiffs contend alternatively that, even if the trial court was correct in dismissing the wrongful death claims, it erred in dismissing the action in its entirety, thereby dismissing the claims for medical and funeral expenses under the Survival Statute with the wrongful death claims. We agree.

The basis for defendant's motion for summary judgment was limited to the dismissal of the wrongful death action based on § 13–21–203(1), C.R.S.1997. The damages recoverable under the Wrongful Death Statute are not exclusive, and therefore, some damages may be recoverable under another theory or statute, such as the Survival Statute. *Espinoza v. Gurule*, 144 Colo. 381, 356 P.2d 891 (1960).

In its grant of summary judgment, the trial court did not address the Survival Statute claims of the personal representative for the estate, even though the language in § 13–21–203(1) of the Wrongful Death Statute applies only to wrongful death actions. We therefore conclude that the claims of the estate under the Survival Statute must be reinstated.

The judgment is affirmed as to the dismissal of the wrongful death claims; it is reversed as to the claims of the estate under the Survival Statute, and the cause is remanded for further proceedings.

STERNBERG, C.J., and ROY, J., concur.