Justice EID
 

 delivered the Opinion of the Court.
 

 Today we hold that Colorado's Wrongful Death Statute, section 18-21-208(1), C.R.S. (2006), means what it says when it limits
 
 *1073
 
 wrongful death claims to "only one civil action" for the death of one decedent. In this case, Plaintiffs have sued two Co-Defendants in Prowers County District Court for the death of Vera Hernandez based on separate torts allegedly committed in different counties. One of the Defendants, Parkview Medical Center ("Parkview"), moved to sever Plaintiffs' claim against it and have venue over that claim transferred to Pueblo County, where Parkview is located. The trial court granted Parkview's motion.
 

 We issued a rule to show cause to determine whether severance and transfer would violate the Wrongful Death Statute by creating a second civil action. We hold that it does and make the rule absolute. When a plaintiff files a wrongful death action against multiple co-defendants, the satisfaction of venue requirements as to one defendant is sufficient to establish proper venue as to all other co-defendants.
 

 I.
 

 Plaintiffs are the successors to Vera Hernandez, who in April 2008 was admitted to the Prowers Medical Center, located in Prowers County. At the Prowers Medical Center, Dr. Samuel Downing performed exploratory surgery on Hernandez. Plaintiffs allege that, during the course of the surgery, Downing perforated Hernander's intestines.
 

 Days after the surgery, Hernandez was admitted to Parkview Medical Center in Pueblo County for continuing treatment. Plaintiffs allege that, while at Parkview, Hernandez received inadequate medical care from Parkview's nursing staff, causing her to suffer respiratory failure. Hernandez died a month later.
 

 Plaintiffs sued Downing and Parkview in Prowers County District Court for the wrongful death of Hernandez. In their action, Plaintiffs brought two claims of negligence: one against Downing arising from his treatment of Hernandez at the Prowers Medical Center, and the other against Parkview arising from the treatment of Hernandez by its nursing staff. Plaintiffs claim that Hernandez died from a combination of injuries caused by the separate negligence of Downing and Parkview.
 

 Plaintiffs' complaint does not contain an allegation of venue. Nevertheless, since neither Downing nor Parkview resides in Prow-ers County, it appears that the only basis for venue in Prowers County is C.R.C.P. 98(c)(5), which establishes venue "in the county where the tort was committed."
 

 Parkview moved to sever Plaintiffs' negligence claims and to transfer venue over Plaintiffs' negligence claim against Parkview to Pueblo County. Parkview argued that venue was improper because the tort allegedly committed by Parkview occurred in Pueblo County, not Prowers County. Plaintiffs opposed the motion on the grounds that transferring venue over their claim against Park-view to Pueblo County would create a second cause of action arising from Hernander's death, thereby violating the "only one civil action" provision of the Wrongful Death Statute.
 

 The trial court granted the motion to transfer Plaintiffs' action against Parkview to Pueblo County, finding that section 13-21-203 inures only to the benefit of defendants, not plaintiffs, and therefore that Plaintiffs in this case could not rely on the Wrongful Death Statute's "only one civil action" language to preclude severance and transfer of their claim against Parkview. The trial court further held that this court's opinion in Spencer v. Sytsma, 67 P.3d 1 (Colo.2003), rendered venue improper in Prowers County as to Plaintiffs' claim against Parkview.
 

 We issued a rule to show cause in order to consider whether the transfer of venue violated the Wrongful Death Statute.
 

 IL.
 

 Plaintiffs' suit against Downing and Parkview implicates the Wrongful, Death Statute, which provides in relevant part:
 

 There shall be only one civil action under this part 2 for recovery of damages for the wrongful death of any one decedent.
 

 § 13-21-208(1)(a) (emphasis added). Plaintiffs argue that the severance of their negligence claim against Parkview and the concomitant transfer of this claim to Pueblo
 
 *1074
 
 County has created two civil actions for wrongful death, thereby violating the terms of section 183-21-208(1)(a).
 

 We agree with Plaintiffs. Specifically, we find that the language of section 183-21, 208(1)(a) limits wrongful death actions to "only one civil action," and that by transferring venue and severing claims against Park-view and Downing, the trial court created a second wrongful death action. To the extent that the rules of venue set forth in C.R.C.P. 98 support Parkview's demand for a change of venue, those rules are subordinate to the statutory language applicable in unique cases where, as here, co-defendants are sued for the wrongful death of one decedent based on separate torts committed in different counties.
 

 Beginning with the statutory language, section 183-21-203(1)(a) states that there "shall be only one civil action ... for recovery of damages for the wrongful death of any one decedent." (emphasis added). The words "only" and "one" are self-evident, leaving no room for doubt that Colorado law forbids multiple actions for the recovery of damages for the wrongful death of a decedent.
 

 The question then becomes whether the severance of Plaintiffs' claim against Park-view and the transfer of that claim to Pueblo County create a second "civil action" for purposes of the Wrongful Death Statute. Parkview argues that it does not, because the trial court only has mandated multiple trials of Plaintiffs' wrongful death action in separate counties, and has not thereby created separate civil actions.
 

 We find this argument implausible under any generally-recognized notion of what constitutes a civil action. While this court has not had occasion to define a civil action, we think the court of appeals was correct long ago when it explained that an "action" is "a proceeding on the part of one person, as actor, against another, for the infringement of some right of the first, before a court of justice, in the manner prescribed by the court or law." Clough v. Clough, 10 Colo.App. 433, 439, 51 P. 513, 515 (1897) (internal quotation marks omitted). This definition accords with others found in Colorado law and elsewhere. See § 4-1-201(b)(1), C.R.S. (2006) (defining "action" under the Uniform Commercial Code as "a judicial proceeding ... in which rights are determined"); 1 Morris M. Estee, Estee's Pleadings, Practice, and Forms § 3 (8d ed. 1885) ("An action has been defined to be an ordinary proceeding in a court of justice, by which one party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."); 1A C.J.S. Actions § 7 (2005) ("A civil action has been defined as . an action which has for its object the recovery of private or civil rights or compensation for their infraction . ...").
 

 The singular nature of a civil action does not end with the filing of one complaint in one court. Because a civil action is the sum of its constituent parts, our rules contemplate that an action will remain a proceeding in one court, in that it will have one case management order, see C.R.C.P. 16(b), one period of discovery, see C.R.C.P. 26, and one trial on liability, see C.R.C.P. 39. Even C.R.CP. 54(b), which permits the entry of multiple judgments for separate claims or parties, presupposes that the case will remain "an action"-meaning a single action-and that it will remain in the same court. See C.R.C.P. 54(b) ("/t/he court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties ....") (emphasis added). Similarly, C.R.C.P. 42(b) allows for multiple trials on "separate issue[s] or ... claims," but presumes that only one court will hold these trials. Our rules, therefore, are consistent with the proposition that an "action" is a singular event taking place in one court.
 

 If venue over Plaintiffs' claim against Parkview is transferred to Pueblo County, then the Prowers County trial court will lose all jurisdiction over Plaintiffs' claim against Parkview, but will retain jurisdiction over Plaintiffs' claim against Downing. See Millet v. Dist. Court, 951 P.2d 476, 477 (Colo.1998). Thereafter there will be two courts hearing claims arising from the death of Hernandez, and presumably they will issue two case management orders, supervise two discovery periods, hold two trials on Hability, and enter
 
 *1075
 
 two judgments. In short, there will be two proceedings "for the infringement of [al right," namely, the wrongful death of Vera Hernandez. Clough, 10 Colo.App. at 439, 51 P. at 515. Thus the severance of Plaintiffs claims against Parkview and Downing and the transfer of the former to Pueblo County will create two civil actions. The Wrongful Death Statute forbids this.
 

 Parkview argues, and the trial court agreed, that the Wrongful Death Statute's "only one civil action" language is designed to benefit only defendants, not plaintiffs, and therefore that plaintiffs cannot rely on the statute to prevent a co-defendant from severing its claims and transferring them to a different county. But the plain language says nothing about benefiting defendants over plaintiffs, and Parkview offers no persuasive reason for creating an exception to the statute's unequivocal language. We therefore believe that the statute must be applied as written, thus precluding the ere-ation of a second civil action regardless of whether a plaintiff or defendant is requesting relief that would result in more than one civil action.
 

 Our holding in Spencer v. Sytsma, 67 P.3d 1 (Colo.2003), does not require a different result. In Spencer, we held that where co-defendants are alleged to be responsible for the same injury to a plaintiff but did not act in concert or engage in the same tortious acts, venue must be satisfied as to both defendants. See 67 P.3d at 7. Spencer reached this conclusion essentially by resolving the conflict between the joinder provisions of C.R.C.P. 20 and the venue provisions of C.R.C.P. 98 in favor of deciding venue before considering joinder where separate torts allegedly are the cause of a plaintiff's injury. See id. at 6-7.
 

 Like Spencer, this case concerns a suit against multiple defendants for damages arising from separate torts allegedly committed in different counties. Unlike Spencer, however, the facts of this case do not give rise to a conflict between two rules of civil procedure. Rather, they present a conflict between a statute (the Wrongful Death Statute) and a rule of civil procedure (C.R.C.P. 98). Rule 81(a) of the Colorado Rules of Civil Procedure anticipates such a situation, and provides that the rules of civil procedure "do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute."
 

 This case presents an unavoidable conflict between the Wrongful Death Statute and C.R.C.P. 98(c)(5) when multiple defendants are sued for one wrongful death based on alleged torts committed separately and in different counties. In light of the conflict between the rules of civil procedure and the Wrongful Death Statute, we follow the command of C.R.C.P. 81 that we enforce the statute over the inconsistent rule.
 

 Parkview argues that the Wrongful Death Statute is not a "special statutory proceeding" under C.R.C.P. 81, and claims that such proceedings refer to the unique and all-encompassing statutory proceedings such as ar-bitrations, section 18-22-201 to-280, C.R.S. (2006). We see no need to read Rule 81 so narrowly. Rule 81 reveals in its language that it is not limited only to statutes creating broad procedures for filing and prosecuting statutory causes of action. Instead, C.R.C.P. 81 states that the rules of civil procedure do not govern "insofar as they are inconsistent or in conflict with" a Colorado statute. (emphasis added). Thus the rule itself contemplates that there will be cases where procedure is governed in part by statute, and in part by the rules of civil procedure.
 

 The Wrongful Death Statute adopted by the General Assembly permits "only one civil action" for the recovery of damages based on the death of an individual. Under C.R.C.P. 81, our interpretation of the rules of venue that we announced in Spencer is inapplicable to this case. Instead, so long as venue is proper as to one defendant in a wrongful death action, it is proper as to all other co-defendants. In this respect, the Wrongful Death Statute avoids the duplica-tive proceedings and inconsistent outcomes that could result from multiple actions arising from the wrongful death of one individual, and thus is consistent with our state's policy "to secure the just, speedy, and inex
 
 *1076
 
 pensive determination of every action. C.R.C.P. 1(g).
 

 »
 

 IIL.
 

 Under our holding today, venue is proper in Prowers County as to Plaintiffs' wrongful death claims against Downing and Parkview. To find otherwise would violate the "only one civil action" provision in the Wrongful Death Statute by creating a second cause of action in another county.
 

 The trial court erred by severing Plaintiffs' claim against Parkview and ordering the transfer of venue of that claim to Pueblo County. The parties should remain in one civil action in Prowers County. We therefore make the rule absolute.