The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
November 22, 2023

## 2023COA111

**No. 22CA0656** *Nicola v. Grand Junction* **— Torts — Wrongful Death; Damages — Actions Notwithstanding Death — Limitation on Damages — One Civil Action Rule; Courts and Court Procedure — Limitations for Persons Under Disability — When a Statute Begins to Run — Death of Person Under Disability**

In this wrongful death and survival action, a division of the court of appeals determines that the "one civil action" rule set forth in section 13-21-203(1)(a), C.R.S. 2023, of the Wrongful Death Act bars the plaintiff from asserting wrongful death claims in this lawsuit where the plaintiff previously filed a lawsuit asserting wrongful death claims against a different defendant, settled the claims asserted in the first lawsuit, and then voluntarily dismissed the first lawsuit without prejudice. Thus, the division affirms the district court's dismissal of the plaintiff's wrongful death claims.

The division also determines under what circumstances section 13-81-103(1)(b), C.R.S. 2023, requires the personal representative of a decedent who was a person under a disability to bring a survival claim within one year of the decedent's death. The division concludes that section 13-81-103(1)(b) applies only when a person who was under a disability at the time of their death (1) had a legal representative and (2) died after the expiration of the applicable statute of limitations but less than two years after the legal representative was appointed. Because the decedent did not have a legal representative and did not die after the expiration of the applicable statute of limitations, the division concludes that section 13-81-103(1)(b) does not bar the plaintiff's survival claims. Because the division further concludes that the plaintiff filed his complaint within the applicable statute of limitations, it reverses the district court's dismissal of his claims for negligence and premises liability.

Court of Appeals No. 22CA0656
Mesa County District Court No. 20CV30323
Honorable Valerie J. Robison, Judge

John Nicola, individually and as the personal representative of the estate of Danielle Nicola,

Plaintiff-Appellant,

v.

City of Grand Junction and Public Service Company of Colorado, d/b/a Xcel Energy,

Defendants-Appellees.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE BROWN
Gomez and Taubman*, JJ., concur

Announced November 22, 2023

Killian, Davis, Richter & Kraniak, PC, J. Keith Killian, Damon Davis, Grand Junction, Colorado, for Plaintiff-Appellant

Goldman, Nicholson & Mack, PC, Michael A. Goldman, Elizabeth A. Phillips, Durango, Colorado, for Defendant-Appellee City of Grand Junction

Gordon Rees Scully Mansukhani, LLP, Franz Hardy, Stephanie S. Brizel, Denver, Colorado, for Defendant-Appellee Public Service Company of Colorado, d/b/a Xcel Energy

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023.

¶ 1    Plaintiff, John Nicola, individually and as the personal representative of the estate of Danielle Nicola,[1] appeals the district court's judgment dismissing his complaint against defendants, Public Service Company of Colorado, d/b/a Xcel Energy (Xcel Energy), and the City of Grand Junction (Grand Junction).  Nicola brought wrongful death and survival claims against Xcel Energy and Grand Junction arising from the death of his daughter, Danielle, who was struck by a vehicle while crossing an intersection when the streetlights allegedly were not working.  Danielle died from her injuries.

¶ 2    Resolving this appeal requires us to address two matters of first impression.  First, we must determine whether the "one civil action" rule set forth in section 13-21-203(1)(a), C.R.S. 2023, of the Wrongful Death Act bars a second lawsuit for wrongful death where a plaintiff previously filed a wrongful death lawsuit against a different defendant, settled the claims asserted in the first lawsuit, and then voluntarily dismissed the first lawsuit without prejudice.

---

[1] For clarity, we refer to John Nicola as Nicola and to Danielle Nicola as Danielle throughout the opinion.  We mean no disrespect by doing so.

1

We conclude that it does. As a result, we affirm the district court's judgment dismissing Nicola's wrongful death claims.

¶ 3 Second, we must determine whether section 13-81-103(1)(b), C.R.S. 2023, requires the personal representative of a decedent to bring a survival claim within one year of the decedent's death, where the decedent was a person under a disability without a legal representative. We conclude that section 13-81-103(1)(b) applies only when a person who was under a disability at the time of their death (1) had a legal representative and (2) died after the expiration of the applicable statute of limitations but less than two years after the legal representative was appointed. Because Danielle did not have a legal representative and did not die after the expiration of the applicable statute of limitations, we conclude that subsection (1)(b) does not bar Nicola's survival action.

¶ 4 Because Nicola filed his complaint within the applicable statute of limitations, we reverse the district court's judgment dismissing his survival claims for negligence and premises liability.

## I. Background

¶ 5 In November 2018, Danielle was crossing a street in Grand Junction when a vehicle struck her. According to Nicola's

complaint, the streetlights in the vicinity were not working at the time of the accident. Danielle sustained serious injuries and never regained full consciousness or the ability to speak, communicate, or make decisions prior to her death nineteen days later. The parties agree that Danielle's injuries made her a "person under disability" as that term is defined in section 13-81-101(3), C.R.S. 2023. No conservator, guardian, or legal representative was appointed for Danielle before her death.

¶ 6    In May 2019, Nicola filed a lawsuit against the driver of the vehicle that hit Danielle, asserting two wrongful death claims. In March 2020, Nicola settled that first lawsuit and filed a notice of voluntary dismissal under C.R.C.P. 41(a)(1).

¶ 7    In December 2020, Nicola filed a second lawsuit against Xcel Energy and Grand Junction, asserting wrongful death claims and survival claims for negligence and premises liability. Nicola alleged that Xcel Energy and Grand Junction each had duties to maintain adequate street lighting for the area, that Grand Junction had a duty to warn of dangerous conditions on its property, and that the defendants' breach of those duties was a cause of Danielle's death.

¶ 8 Xcel Energy and Grand Junction moved to dismiss under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted, arguing in relevant part that the wrongful death claims were precluded under the "one civil action" rule set forth in section 13-21-203(1)(a) of the Wrongful Death Act and that the survival claims were barred by either a one-year statute of limitations under section 13-81-103(1)(b) — calculated from the date of Danielle's death — or a two-year statute of limitations under section 13-80-102(1)(h), C.R.S. 2023 — calculated from the date of the accident. The district court granted the motions to dismiss, concluding that the Wrongful Death Act barred Nicola's second suit.

¶ 9 Because the court appeared to have erroneously dismissed the survival claims under the Wrongful Death Act, Nicola filed a C.R.C.P. 59 motion to amend the judgment as to those claims. The court acknowledged that it had erred by dismissing Nicola's survival claims under the Wrongful Death Act but nonetheless concluded that the survival claims were untimely under section 13-81-103(1)(b) and section 13-80-102(1)(h). Thus, the court dismissed Nicola's complaint.

## II. Standard of Review and Generally Applicable Law

¶ 10    We review de novo a district court's judgment dismissing a complaint for failure to state a claim upon which relief can be granted under C.R.C.P. 12(b)(5). *Melat, Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C.*, 2012 CO 61, ¶ 16. We accept as true the factual allegations in the complaint and, viewing them in the light most favorable to the plaintiff, determine whether the complaint states a plausible claim for relief. *Barnes v. State Farm Mut. Auto. Ins. Co.*, 2021 COA 89, ¶ 24; *see Warne v. Hall*, 2016 CO 50, ¶¶ 9, 24.

¶ 11    We also review de novo issues of statutory construction. *Carousel Farms Metro. Dist. v. Woodcrest Homes, Inc.*, 2019 CO 51, ¶ 40. In doing so, our primary task is to give effect to the legislative intent as reflected in the plain and ordinary meaning of the words and phrases used. *Id.* We read the statute in the context of the entire statutory scheme, giving consistent and sensible effect to all its parts. *Id.*; *see also* §§ 2-4-101, -201, C.R.S. 2023; *A.M. v. A.C.*, 2013 CO 16, ¶ 8. And we avoid constructions that would render any words or phrases superfluous or lead to illogical or absurd results. *Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 16.

5

When the language of a statute is clear, we enforce it as written. *Elder v. Williams*, 2020 CO 88, ¶ 18.

## III.   Wrongful Death Claim

¶ 12    Nicola contends that the district court erred by concluding that his wrongful death claims against Xcel Energy and Grand Junction are barred by the "one civil action" rule. Under the circumstances presented by this case, we disagree.

## A.   Applicable Law

¶ 13    "Under Colorado law, there exists no other cause of action for the death of another other than a statutory claim brought under the Wrongful Death Act, section 13-21-202," C.R.S. 2023. *Steedle v. Sereff*, 167 P.3d 135, 140-41 (Colo. 2007). The Wrongful Death Act allows an heir of the decedent to maintain an action and recover damages to which the decedent would have been entitled "if death had not ensued." § 13-21-202; *see also Duke v. Gunnison Cnty. Sheriff's Off.*, 2019 COA 170, ¶ 24.

¶ 14    As relevant here, the Wrongful Death Act provides that "[t]here shall be only one civil action . . . for recovery of damages for the wrongful death of any one decedent." § 13-21-203(1)(a). "The words 'only' and 'one' are self-evident, leaving no room for doubt

6

that Colorado law forbids multiple actions for the recovery of damages for the wrongful death of a decedent." *Hernandez v. Downing,* 154 P.3d 1068, 1070 (Colo. 2007). An "action" is "a proceeding on the part of one person, as actor, against another, for the infringement of some right of the first, before a court of justice, in the manner prescribed by the court or law." *Id.* (quoting *Clough v. Clough,* 10 Colo. App. 433, 439, 51 P. 513, 515 (1897)); *see also* C.R.C.P. 2 ("There shall be one form of action to be known as 'civil action.'"); C.R.C.P. 3(a) ("A civil action is commenced . . . by filing a complaint with the court . . . .").

¶ 15     Thus, the plain and unambiguous language of the statute "bars a second civil action for wrongful death based upon the death of the same decedent." *Est. of Kronemeyer v. Meinig,* 948 P.2d 119, 121 (Colo. App. 1997); *see also Hernandez,* 154 P.3d at 1069 (The statute "means what it says when it limits wrongful death claims to 'only one civil action' for the death of one decedent." (quoting § 13-21-203(1))). Under the Wrongful Death Act, "[p]ursuing in a sequential manner several wrongful death actions, against different defendants, and asserting different causes of death, is prohibited." *Kronemeyer,* 948 P.2d at 121; *see also Lanahan v. Chi Psi*

7

*Fraternity*, 175 P.3d 97, 100 (Colo. 2008) (the damages cap in section 13-21-203(1)(a) applies on a per claim basis because the statute permits one claim per decedent); *Steedle*, 167 P.3d at 136 ("The Wrongful Death Act allows a person's heirs to recover damages for the wrongful death of that person but limits damages by requiring that all claims pursuant to the death of one person be combined into one civil action.") (citations omitted).

## B. Nicola's Wrongful Death Claims Are Precluded by the "One Civil Action" Rule

¶ 16 Nicola contends that the district court erred by applying the "one civil action" rule to bar his wrongful death claims because (1) his first lawsuit was not a "civil action" barring a second suit since he voluntarily dismissed it without prejudice, and (2) his settlement with the tortfeasor driver should not bar him from bringing a second suit against other, non-settling parties.

¶ 17 It is undisputed that Nicola filed and voluntarily dismissed a prior lawsuit asserting wrongful death claims against the driver of the vehicle that struck and ultimately killed Danielle. The question before us is whether that lawsuit — which ended in a voluntary dismissal without prejudice after settlement with the driver — was a

8

"civil action" barring subsequent actions for Danielle's wrongful death.  We conclude that it was.

¶ 18     Nicola voluntarily dismissed his first lawsuit pursuant to C.R.C.P. 41(a)(1).  Because the notice of dismissal did not say that it was a dismissal with prejudice, the dismissal was without prejudice.  *See id.*; *USIC Locating Servs. LLC v. Project Res. Grp. Inc.*, 2023 COA 33, ¶ 16.

¶ 19     Relying primarily on federal precedent, Nicola argues that a voluntary dismissal pursuant to C.R.C.P. 41(a)(1) places the parties in the same position as if the action had never been filed.  *See Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) (noting that "[i]t is hornbook law that, as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought" when rejecting the plaintiff's argument that filing an earlier lawsuit tolled the statute of limitations).  Nicola urges us to interpret Colorado's rule consistently with federal precedent to conclude that a voluntary dismissal without prejudice results in no "civil action" having been filed.  *See Alpha Spacecom, Inc. v. Hu,* 179 P.3d 62, 64 (Colo. App.

2007) (federal authorities interpreting the comparable federal rule are persuasive when interpreting C.R.C.P. 41(a)(1)(A)).

¶ 20  But a voluntary dismissal under C.R.C.P. 41(a)(1) does not leave the parties *exactly* where they were had the lawsuit never been brought because a plaintiff may only voluntarily dismiss with impunity once.  If the plaintiff voluntarily dismisses a second lawsuit based on or including the same claim, that dismissal operates as an adjudication on the merits.  C.R.C.P. 41(a)(1).  Had the first lawsuit never been filed, there would be no consequence for dismissing the second lawsuit.

¶ 21  More importantly, the parties to Nicola's first lawsuit were not left in the same positions they would have been had that action never been filed.  Nicola filed a lawsuit against the tortfeasor driver and asserted wrongful death claims that were fully resolved by settlement.  Before the lawsuit was filed, Nicola had not recovered, and the driver had not paid, any damages for Danielle's wrongful death; after the lawsuit was dismissed, Nicola had recovered, and the driver had paid, such damages.  Thus, we conclude that

Nicola's first lawsuit against the driver was a "civil action" barring subsequent wrongful death claims for Danielle's death.[2]

¶ 22    We are not persuaded otherwise by Nicola's argument that a "civil action" requires a final adjudication on the merits by a judge or jury.  Nicola cites *Hernandez* to support his contention, but *Hernandez* does not go so far.  Although the supreme court reasoned that "[t]he singular nature of a civil action does not end with the filing of one complaint in one court," it did so in the context of concluding that severing certain claims and transferring them to a different venue would violate the one civil action rule even though the claims had originally been brought together in a single

---

[2] We do not opine on whether a lawsuit filed and voluntarily dismissed without prejudice and without resolution of the claims through settlement constitutes a "civil action" because those are not the facts before us, and any such opinion would be purely advisory. *See Galvan v. People*, 2020 CO 82, ¶ 49 (the court "is not empowered to give advisory opinions based on hypothetical fact situations") (citation omitted).  And because we do not decide whether a voluntary dismissal without some resolution of the claims constitutes a "civil action," we reject Nicola's contention that our interpretation would lead to absurd results, such as a voluntary dismissal of a federal case that could not be refiled in state court or a dismissal for filing in the wrong venue that could not be refiled in the correct venue.  Our holding is limited to cases where the wrongful death claims asserted in the first lawsuit were resolved through a settlement.

11

complaint.  *Hernandez*, 154 P.3d at 1070-71.  It did not hold that a civil action does not exist without an adjudication by the trier of fact.

¶ 23    Nicola's interpretation of the one civil action rule would allow serial wrongful death lawsuits against different defendants, potentially asserting different causes of death, so long as each case was settled rather than litigated to a judgment by a judge or jury.  That is not what the Wrongful Death Act contemplates.  *See Hernandez*, 154 P.3d at 1070; *Kronemeyer*, 948 P.2d at 121.  Nicola resolved the wrongful death claims he asserted in his first complaint, leading to his dismissal of that complaint without prejudice.  Thus, his first lawsuit was a civil action.

¶ 24    We are also unpersuaded by Nicola's argument that his settlement with the driver should not preclude him from later suing non-settling parties.  He argues that a "civil action" does not contemplate "pre-litigation settlements involving no judicial proceeding[s]."  He urges us not to follow *Barnhart v. American Furniture Warehouse Co.*, 2013 COA 158, ¶ 2, in which a division of this court concluded that a prelitigation settlement barred a subsequent wrongful death proceeding.  He contends that *Barnhart*

12

was wrongly decided, and we should decline to follow it. But we do not have to weigh in on *Barnhart* or otherwise decide whether a *prelitigation* settlement, standing alone, constitutes a "civil action" because we do not have such a settlement here. We have the commencement of judicial proceedings by the filing of a complaint followed by a settlement resolving the claims asserted.

¶ 25  We also note that the record shows that Nicola was aware of possible claims against Xcel Energy and Grand Junction because he served Grand Junction with a notice of intent to file a lawsuit for failure to maintain the streetlights while his first lawsuit was pending. Nicola essentially asks to be able to file a lawsuit asserting a wrongful death claim against one defendant — fully aware that other parties could be at fault, yet choosing not to name those parties — settle the wrongful death claim with the named party, and dismiss the first lawsuit; then, years later, file another lawsuit asserting wrongful death claims arising out of the same death against the parties he knew could be at fault, but he did not name in the first suit. Allowing him to do so would be contrary to the plain language of the Wrongful Death Act.

¶ 26　　Under these circumstances, we conclude that Nicola's first lawsuit, in which he asserted wrongful death claims against the driver, was a civil action and that the district court correctly concluded that section 13-21-203(1)(a) bars the wrongful death claims asserted in his second lawsuit against Xcel Energy and Grand Junction.

## IV.　Survival Claims

¶ 27　　Nicola contends that the district court erred by concluding that his survival claims are time barred under section 13-81-103(1)(b).　We agree.

¶ 28　　To resolve this contention, we first discuss how statutes of limitation apply to survival actions.　Then we explore when statutes of limitation are tolled and when they begin to run against persons under a disability.　Finally, considering these principles together, we conclude that section 13-81-103(1)(b) applies only when a person under a disability (1) had a legal representative and (2) died after the expiration of the applicable statute of limitations but less

14

than two years after the legal representative was appointed.[3]

Because neither condition applied to Danielle, section 13-81-103(1)(b) does not bar Nicola's survival claims. And because Nicola filed his complaint within the applicable statute of limitations, the district court erred by concluding that his survival claims are untimely.

A. How Statutes of Limitation Apply to Survival Actions

¶ 29 Under section 13-20-101, C.R.S. 2023, all causes of action, except actions for slander or libel, survive the death of the person in favor of whom the action has accrued, and may be brought by the personal representative of the deceased. Because the personal representative stands in the shoes of the deceased, *see Publix Cab Co. v. Colo. Nat'l Bank of Denver*, 139 Colo. 205, 212-13, 338 P.2d 702, 706 (1959); *Sharon v. SCC Pueblo Belmont Operating Co.*, 2019 COA 178, ¶ 12, a survival action is deemed to have accrued to or

---

[3] In addition, for section 13-81-103(1)(b), C.R.S. 2023, to apply, the person under a disability must die before termination of their disability and the claim must be one that survives the decedent's death. It is undisputed that both of these requirements are met in this case.

against the personal representative when it would have accrued to or against the deceased had they survived, § 13-20-101(2).

¶ 30     Section 13-80-112, C.R.S. 2023, addresses how statutes of limitation run on survival claims:

> If any person entitled to bring any action dies before the expiration of the time limited therefor and if the cause of action does by law survive, the action may be commenced by the personal representative of the deceased person at any time within one year after the date of death and not afterwards if barred by provision of this article.

¶ 31     The phrase "if barred by provision of this article" is significant for two reasons. *Id.* First, it confirms that the statutes of limitation set forth in article 80 apply to survival actions. Second, it establishes that if the condition precedent is met — that is, if the person entitled to bring the action dies *before* the applicable statute of limitations expires — the personal representative can still bring the claim within one year of death, even if that date lies beyond the otherwise applicable statute of limitations.

¶ 32     Thus, if a person dies after the statute of limitations has expired on their cause of action, any survival claim is barred. But if the person dies before the statute of limitations expires, the

personal representative may commence an action within one year after the date of death or before the otherwise applicable statute of limitations expires, whichever period is greater.  *See* 7 John W. Grund et al., *Colorado Practice Series, Personal Injury Torts & Insurance* § 9.23, Westlaw (3d ed. database updated Dec. 2022).

B.   How Statutes of Limitation Apply to Persons Under Disability

¶ 33   Section 13-81-103 tolls the running of any statute of limitations against a "person under disability" during the period of disability.  *Southard v. Miles*, 714 P.2d 891, 897 (Colo. 1986) ("Although section 13-81-103(1)(a) speaks in terms of the running of the applicable statute of limitations against a person under disability . . . and not in terms of suspending or tolling the limitation period during the period of disability, there can be no question that the statute is intended to toll the applicable statute of limitations during the period of disability."); *see also In re Estate of Daigle*, 634 P.2d 71, 75 (Colo. 1981).  A "person under disability" is "any person who is a minor under eighteen years of age, a mental incompetent, or a person under other legal disability and who does not have a legal guardian."  § 13-81-101(3).

¶ 34    But section 13-81-103 also establishes when a statute of

limitations begins to run against a person under a disability.  Under

subsection (1)(a),

> If such person under disability is represented
> by a legal representative at the time the right
> accrues, or if a legal representative is
> appointed for such person under disability at
> any time after the right accrues and prior to
> the termination of such disability, the
> applicable statute of limitations shall run
> against such person under disability in the
> same manner, for the same period, and with
> the same effect as it runs against persons not
> under disability.  Such legal representative, or
> his successor in trust, in any event shall be
> allowed not less than two years after his
> appointment within which to take action on
> behalf of such person under disability, even
> though the two-year period expires after the
> expiration of the period fixed by the applicable
> statute of limitations.

§ 13-81-103(1)(a).  A "legal representative" is "a guardian,

conservator, personal representative, executor, or administrator

duly appointed by a court having jurisdiction of any person under

disability or his estate." § 13-81-101(2).  The "applicable statute of

limitations" means "any statute of limitations which would apply in

a similar case to a person not a person under disability." § 13-81-

101(1).

18

¶ 35      Under subsection (1)(a), court appointment of a legal representative for a person under a disability "averts the . . . legal disability for purposes of litigating" the rights of that person, "thereby rendering inapplicable the tolling provisions." *Elgin v. Bartlett*, 994 P.2d 411, 414 (Colo. 1999), *overruled on other grounds by Rudnicki v. Bianco*, 2021 CO 80, ¶ 44. Once a legal representative is appointed, the statute of limitations begins to run as though the disability has been removed or terminated. Even so, subsection (1)(a) expressly extends the period within which a legal representative can bring a claim on behalf of the person under a disability for an additional two years from the date of appointment. § 13-81-103(1)(a).

¶ 36      Under subsection (1)(b),

> If the person under disability dies before the termination of his disability and before the expiration of the period of limitation in paragraph (a) of this subsection (1) and the right is one which survives to the executor or administrator of a decedent, such executor or administrator shall take action within one year after the death of such person under disability.

§ 13-81-103(1)(b). The parties dispute the meaning of subsection (1)(b), which we discuss in detail below.

19

¶ 37    Finally, under subsection (1)(c),

> If the disability of any person is terminated before the expiration of the period of limitation in paragraph (a) of this subsection (1) and no legal representative has been appointed for him, such person shall be allowed to take action within the period fixed by the applicable statute of limitations or within two years after the removal of the disability, whichever period expires later.

§ 13-81-103(1)(c). Under subsection (1)(c), a person under a disability who survives and whose disability is removed is entitled to the benefit of the longer of the applicable statute of limitations or two years from the date the disability was removed to bring an action. *See Mohammadi v. Kinslow*, 2022 COA 103, ¶ 24 (*cert. granted* May 22, 2023).

## C.    When Section 13-81-103(1)(b) Applies

¶ 38    The district court held that section 13-81-103(1)(b) applies when a person under a disability dies before the disability is removed — regardless of whether a legal representative has been appointed for that person — and that it requires the executor or administrator to bring a survival claim within one year after the date of death notwithstanding any other statute of limitations. Because Nicola did not file his suit against Xcel Energy and Grand

20

Junction within one year of Danielle's death, the court concluded that Nicola's survival claims were time barred.

¶ 39    Xcel Energy and Grand Junction contend that the district court's interpretation was correct, and that subsection (1)(b) simply provides the executor or administrator a fixed period of time — one year from the date of death — to file an action, regardless of whether the person under disability had a legal representative and notwithstanding any otherwise applicable statute of limitations. But Nicola contends that subsection (1)(b) creates a classic "if-then" statement: only *if* the limitations period in subsection (1)(a) is running and the person under a disability dies before it expires, *then* the estate has one year from the date of death to sue under subsection (1)(b).  He further argues that the limitations period in subsection (1)(a) only runs — satisfying the condition for application of subsection (1)(b) — when a legal representative has been appointed for the person under a disability.

¶ 40    Based on the plain language of the statute, read in harmony with other statutes governing survival actions, we conclude that section 13-81-103(1)(b) applies only when a person under a disability (1) had a legal representative and (2) died after the

21

expiration of the applicable statute of limitations but less than two years after the legal representative was appointed.

¶ 41    Subsection (1)(a) provides that the statute of limitations runs against a person under disability as it would against anyone else *if* a legal representative has been appointed. *See* § 13-81-103(1)(a). "If" is "widely understood" to introduce a "condition necessary 'for the truth or occurrence of the main statement of a sentence.'" *People v. Salazar*, 2023 COA 102, ¶ 16 (quoting *United States v. Flores*, 664 F. App'x 395, 399 (5th Cir. 2016)). If the condition is not met — that is, if a person under disability does not have a legal representative — the applicable statute of limitations is tolled. *See Southard*, 714 P.2d at 897.

¶ 42    Subsection (1)(b), in turn, addresses a situation where "*the* person under disability" dies before the expiration of "the period of limitation in [subsection (1)(a)]." § 13-81-103(1)(b) (emphasis added). The definite article "the" particularizes the subject "person under disability," focusing on the "person under disability" previously referenced in subsection (1)(a) — one for whom a legal representative has been appointed. *See Coffey v. Colo. Sch. of Mines*, 870 P.2d 608, 610 (Colo. App. 1993) (applying "the familiar

principle of statutory construction that the use of the definite article particularizes the subject which it precedes").

¶ 43     The other condition that must be satisfied before subsection (1)(b) applies — that the person under disability dies "before the expiration of the period of limitation in paragraph (a) of this subsection (1)" — further supports this interpretation because there is no "period of limitation" in subsection (1)(a) that accrues, runs, or expires if the person under a disability does not have a legal representative. *See Southard*, 714 P.2d at 897 (section 13-81-103 suspends the running of the statute of limitations until either the disability is removed or a legal representative is appointed). A person under a disability who dies without a legal representative will *always* die before the expiration of the period of limitation in subsection (1)(a) because the period of limitation does not run against them until their disability is removed by death. Thus, the only way to give meaning to this condition is to conclude that subsection (1)(b) applies only when the person under a disability has a legal representative. *See Nieto v. Clark's Mkt., Inc.*, 2021 CO 48, ¶ 21 ("In interpreting a statute, we aim to give effect to every word and presume that the legislature did not use language idly.").

Only then is it possible for the person under a disability to die *after* the expiration of the period of limitation in subsection (1)(a), which runs against them only if they have a legal representative. *See Southard*, 714 P.2d at 897.

¶ 44     But what does the phrase "period of limitation in paragraph (a) of this subsection (1)" mean? § 13-81-103(1)(b). It cannot mean simply "the applicable statute of limitations" because that is a separately defined term. *See* § 13-81-101(1); *see also Colo. Med. Bd. v. Off. of Admin. Cts.*, 2014 CO 51, ¶ 19 ("[T]he use of different terms signals the General Assembly's intent to afford those terms different meanings."). Moreover, subsection (1)(a) refers to two potentially different periods of limitation — "the applicable statute of limitations" and a period "not less than two years after" the appointment of a legal representative. § 13-81-103(1)(a).

¶ 45     To determine the meaning of "period of limitation in paragraph (a) of this subsection (1)," we must interpret section 13-81-103(1)(b) in harmony with section 13-80-112, the statute that generally governs how statutes of limitation operate against survival claims. *See Elgin*, 994 P.2d at 416 ("Statutes governing the same subject must be reconciled if possible."). Under section 13-80-112, if a

24

person entitled to bring an action dies before the expiration of the applicable statute of limitations, their personal representative has the longer of the period remaining under the applicable statute of limitations or one year from the date of death to bring a survival action.

¶ 46     As noted, although the statute of limitations does not run against a person under a disability, *see Southard,* 714 P.2d at 897, once a legal representative is appointed, the statute of limitations runs against that person "in the same manner, for the same period, and with the same effect as it runs against persons not under disability." § 13-81-103(1)(a).  In other words, if a person under a disability has a legal representative, they are treated the same for statute of limitations purposes as a person who does not have a disability (except that their legal representative is entitled to a minimum of two years to bring a claim, as discussed below).  For this reason, section 13-80-112 applies equally to a survival action for a person not under a disability and to a survival action for a person under a disability who has a legal representative.  In either case, if the person entitled to bring the claim dies *before* the expiration of the applicable statute of limitations, the personal

representative may bring a survival claim within the time remaining under the statute of limitations or a year from the date of death, whichever is longer. Nothing in the plain language of either section 13-80-112 or section 13-81-103 suggests otherwise.

¶ 47    Against this backdrop, interpreting section 13-81-103(1)(b) to apply when a person under a disability dies *before* the expiration of the applicable statute of limitations creates either a conflict or a superfluity with section 13-80-112. If under such circumstances section 13-81-103(1)(b) *shortens* the time to bring a survival claim by depriving the personal representative of the benefit of a longer amount of time remaining under the applicable statute of limitations, it conflicts with section 13-80-112. *See Southard*, 714 P.2d at 898 (section 13-81-103 is intended to apply to any statute of limitations in this state unless there exists a special statute pertinent to the claim that conflicts). And if under such circumstances section 13-81-103(1)(b) *extends* the time to bring a survival claim by giving the personal representative another year

from the date of death, it is superfluous because section 13-80-112 already provides that extension.[4]

¶ 48    We are obligated to interpret statutes, where possible, to avoid or resolve inconsistencies and give effect to every word. *See Larimer Cnty. Bd. of Equalization v. 1303 Frontage Holdings, LLC*, 2023 CO 28, ¶ 56. We can achieve that end by interpreting section 13-81-103(1)(b) to provide an extension of the statute of limitations for a personal representative who brings a survival action when the person under a disability dies *after* the expiration of the applicable statute of limitations — taking the claim outside the scope of section 13-80-112 — but *before* the expiration of the additional two-year period contemplated by section 13-81-103(1)(a).

---

[4] Because the legislature enacted the predecessor to section 13-80-112 before the predecessor to section 13-81-103, *see* Ch. 114, sec. 1, § 13-80-112, 1986 Colo. Sess. Laws 701; R.S. 1868, § 17; Ch. 126, sec. 3, 1939 Colo. Sess. Laws 450, we presume it knew that the law already provided that when a person dies before the expiration of the applicable statute of limitations, their personal representative has either the time remaining under the statute of limitations or a year from death, whichever is greater, to bring a survival claim. *See In re Harte*, 2012 COA 183, ¶ 24. Therefore, section 13-81-103(1)(b) must mean something else. *See Nieto v. Clark's Mkt., Inc.*, 2021 CO 48, ¶ 21.

¶ 49　　Recall that subsection (1)(a) grants a legal representative "not less than two years after his appointment" to commence an action on behalf of a person under a disability "even though the two-year period expires after the expiration of the period fixed by the applicable statute of limitations." § 13-81-103(1)(a). Thus, subsection (1)(a) contemplates the existence of a period after expiration of the applicable statute of limitations during which the legal representative is authorized to take action that otherwise would be barred by the statute of limitations. Subsection (1)(b) then provides that, if the person under a disability dies before the expiration of "the period of limitation in paragraph (a) of this subsection (1)," their executor or administrator must take action within a year of the date of death. § 13-81-103(1)(b). To give harmonious effect to both section 13-80-112 and section 13-81-103, "the period of limitation in paragraph (a) of this subsection (1)" must refer to the period after the expiration of the applicable statute of limitations but before the two-year anniversary of the legal representative's appointment.

¶ 50　　Thus, when the statutes governing survival actions are read in harmony, they dictate the following scheme: If the person under a

28

disability dies before the applicable statute of limitations expires, section 13-80-112 applies. The personal representative then has the longer of the applicable statute of limitations or one year from the date of death to bring the survival action. If the person under a disability dies after expiration of the applicable statute of limitations but less than two years after the legal representative was appointed, section 13-81-103(1)(b) applies. The personal representative, who has already been given more time beyond the applicable statute of limitations, then has one year from the date of death to bring the survival action.[5] In both scenarios, the person entitled to bring the claim or their personal representative gets the full benefit of the applicable statute of limitation *plus* some additional time.[6]

---

[5] Our interpretation is also consistent with section 15-12-109, C.R.S. 2023, which provides as follows:

> No statute of limitations running on a cause of action belonging to a decedent which had not been barred as of the date of his death shall apply to bar a cause of action surviving the decedent's death sooner than one year after death. A cause of action which, but for this section, would have been barred less than one year after death is barred after one year unless tolled.

[6] Xcel Energy argues that our interpretation is unsupportable because it presumes that the legislature "enacted legislation that

29

¶ 51     Thus, we conclude, based on the plain language of the statute, that section 13-81-103(1)(b) applies only when the person under a disability (1) had a legal representative and (2) died after the expiration of the applicable statute of limitations but less than two years after the legal representative was appointed.

¶ 52     We reject Xcel Energy and Grand Junction's contrary arguments.  We acknowledge that subsection (1)(c) expressly applies when a person survives their disability and "no legal representative has been appointed" — demonstrating that the legislature knew how to say when a provision applies to a person without a legal representative — and that subsection (1)(b) does not contain similar language.  § 13-81-103(1)(b), (c).  But unlike subsection (1)(b), subsection (1)(c) does not refer back to "*the* person under disability"; instead, subsection (1)(c) refers to "*any* person" whose disability is terminated before "expiration of the period of limitation in [subsection (1)(a)]."  § 13-81-103(1)(b), (c) (emphasis added).

---

wholly left out a fairly typical circumstance where a person under disability does not have a legal representative appointed when they die."  But, as we have explained, in this "fairly typical circumstance," section 13-80-112, C.R.S. 2023, applies.

30

¶ 53    And although subsection (1)(c)'s cross-reference to "the period of limitation" in subsection (1)(a) is confusing given that it is only possible for such period to expire if a legal representative has been appointed for a person under a disability, we are not tasked with resolving that potential ambiguity.  And we note that, without reference to the period of limitation in subsection (1)(a), the supreme court and other divisions of this court have interpreted subsection (1)(c) to mean that, upon termination of the disability, the person may take action within the applicable statute of limitations or two years from removal of the disability, whichever is longer.  *See Rudnicki*, ¶ 16; *Daigle*, 634 P.2d at 75; *Mohammadi*, ¶¶ 18-24.

¶ 54    Because our interpretation is based on the plain, unambiguous language of the statute, we need go no further, *see Elder*, ¶ 18, but our interpretation also furthers the end to be achieved by the statute and avoids absurd results, demonstrating that it is the only reasonable interpretation.  *See id.* ("A statute is ambiguous when it is reasonably susceptible of multiple interpretations."); *Agilent Techs., Inc.*, ¶ 16 ("We must avoid constructions that would render any words or phrases superfluous

31

or that would lead to illogical or absurd results."); *Colo. Sun v. Brubaker*, 2023 COA 101, ¶ 47 ("An alternate interpretation is unreasonable and therefore creates no ambiguity if it 'would lead to illogical or absurd results.'" (quoting *Elder*, ¶ 18)); *Salazar*, ¶ 20 (considering whether plain language interpretation furthers the statute's purpose).

¶ 55     Our interpretation furthers the purpose of section 13-81-103, which is to toll or suspend the running of statutes of limitation to protect persons under a disability during the period of disability. *See Southard*, 714 P.2d at 897; *Elgin*, 994 P.2d at 414. By contrast, interpreting subsection (1)(b) to shorten the time a personal representative otherwise has to bring a survival action for a person under a disability — regardless of whether that person had a legal representative — would contravene that purpose.

¶ 56     Our interpretation also avoids absurd results. Under Xcel Energy and Grand Junction's interpretation of section 13-81-103(1)(b), Nicola had one year from the date of Danielle's death to bring a survival claim because she was a person under a disability when she died. In other words, because Danielle did not die the same day she was injured, but instead lived for nineteen days in an

unconscious state, Nicola had just one year from the date of her death to bring the claim. But had Danielle died the same day she was injured, Nicola would have had at least two years to bring the claim. *See* §§ 13-80-112, 13-80-102(1)(h). The legislative scheme reflects no intention or justification for such disparate treatment.

¶ 57    Grand Junction counters that our interpretation leads to a more absurd result, positing the following hypothetical:

> Suppose a person ("Sue") suffers an injury involving a motor vehicle accident on January 1, 2010 that renders her legally disabled. Sue remains disabled for the following four years without a legal representative, although she has a parent who is aware of her condition, is prepared to become the executor or administrator of her estate in the likely event of her death, and presumably would file a survival action on behalf of her estate upon her death. On January 1, 2014, still disabled and without a legal representative at the time, Sue passes away.

Grand Junction argues that "[a] clear reading" of section 13-81-103(1)(b) would require that Sue's parent act within a year of her death by bringing an action by January 1, 2015, whereas our interpretation "would allow Sue's parent until January 1, 2017 — *seven years after the injury* — to file a survival claim on behalf of Sue's estate." Grand Junction argues that such a delay is absurd.

¶ 58    Although we agree with Grand Junction's explanation of how the statutes operate under our interpretation, we disagree that the result is absurd.  Tolling the statutes of limitation for persons under a disability is the unequivocal purpose of section 13-81-103, regardless of whether the person under a disability dies or their disability is removed.  *See Southard*, 714 P.2d at 897.  And application of section 13-81-103 has led to even longer delays than the one in the hypothetical.  *See Rudnicki*, ¶ 38 (explaining that an unemancipated minor without a legal representative may bring a negligence claim as late as the minor's twentieth birthday); *Tenney v. Flaxer*, 727 P.2d 1079, 1080, 1084-85 (Colo. 1986) (even though a minor's injury occurred in 1962, the statute of limitations was tolled until guardians were appointed for the minor in 1980 and they timely brought suit two years later in 1982).

### D.    Nicola's Survival Claims Are Not Time Barred

¶ 59    The parties do not dispute that, because of her injuries, Danielle was a "person under disability" from the date of the accident until the date of her death, *see* § 13-81-101(3), so we will assume without deciding that this is true.  As a result, the statute of limitations on her claims against Xcel Energy and Grand

34

Junction did not begin to run until her death removed her disability. *See Southard*, 714 P.2d at 897. Necessarily, Danielle died before expiration of the applicable statute of limitations. It is also undisputed that Danielle was not appointed a legal representative. Thus, section 13-80-112 governs Nicola's survival claim. Section 13-81-103(1)(b) does not apply.

¶ 60 Under section 13-80-112, Nicola had the longer of the applicable statute of limitations — which began to run on the date Danielle's disability was removed by her death — or one year after the date of Danielle's death to bring a survival action. Xcel Energy and Grand Junction argue that the two-year statute of limitations in section 13-80-102(1)(h) applies, while Nicola argues that the three-year statute of limitations in section 13-80-101(1)(n)(I), C.R.S. 2023, applies. But we need not resolve that dispute. Nicola filed the survival action within two years of Danielle's death, making it timely under the shorter of the two statutes of limitation. Thus, we conclude that the district court erred by dismissing Nicola's survival claims as untimely.

## V.   Attorney Fees

¶ 61   Xcel Energy and Grand Junction each request attorney fees and costs pursuant to section 13-17-201, C.R.S. 2023.  Under section 13-17-201(1), a defendant is entitled to recover reasonable attorney fees when any tort action is dismissed before trial under C.R.C.P. 12(b).  But because we have determined that Nicola's survival claims should be reinstated, we conclude that Xcel Energy and Grand Junction are not entitled to attorney fees.  *See Colo. Special Dists. Prop. & Liab. Pool v. Lyons*, 2012 COA 18, ¶ 60 ("[T]he statute does not authorize recovery if a defendant obtains dismissal of some, but not all, of a plaintiff's tort claims.").

## VI.   Disposition

¶ 62   We affirm the part of the district court's judgment dismissing Nicola's wrongful death claims but reverse the part of the judgment dismissing Nicola's negligence and premises liability survival claims and remand the case for further proceedings on those claims.

JUDGE GOMEZ and JUDGE TAUBMAN concur.